378 So.2d 33 (1979)
Bill HATFIELD and Mae Hatfield, Appellants,
v.
WELLS BROTHERS, INC., a Florida Corporation, American Bankers Insurance Company of Florida, a Foreign Corporation, and Floyd Henry Tyner, Appellees.
No. 79-600.
District Court of Appeal of Florida, Second District.
November 28, 1979.
Rehearing Denied January 7, 1980.
Barry M. Salzman of Chambers, Halboth & Salzman, St. Petersburg, for appellants.
Randy A. Fischer of Law Firm of Clifford J. Schott, Lakeland, for appellees.
SCHEB, Judge.
Appellants contend the trial judge erred in refusing to instruct the jury that the Hatfields were entitled to recover damages for their loss of future earning capacity. We agree and reverse.
Bill Hatfield and his wife, Mae Hatfield, were injured in an automobile accident in July 1976 in Clearwater, Florida. They brought suit against the appellees seeking to recover damages for personal injuries resulting from the accident. At trial they presented medical evidence that each sustained permanent injuries. At the conference on jury instructions the trial judge refused the Hatfields' request that Florida Standard Jury Instruction 6.2(d) on loss of future earning capacity be given. Following trial the jury returned a verdict finding the appellees negligent, and awarded Mae Hatfield $5,000 and Bill Hatfield $3,000. The Hatfields moved for a new trial on the issue of damages. The trial court denied the motion, and this appeal ensued.
*34 The Hatfields argue that it was error for the trial court to refuse to instruct on loss of future earning capacity since there was evidence that each of them suffered permanent injuries. On the other hand, the appellees argue that the court did not err because there was no evidence of diminution of the Hatfields' earning capacity following the accident.
We agree with the Hatfields that when, as here, there is evidence of a permanent injury, it is error for the court to refuse to instruct on loss of future earning capacity. Grant v. Hoffman,, 151 So.2d 287 (Fla. 2d DCA 1963); see also Burris v. Bowe's Funeral Home, Ltd., 204 So.2d 257 (Fla. 2d DCA 1967). Moreover, loss of future earning capacity may be compensated even when a plaintiff has moved into a more profitable line of work. United States v. Jacobs, 308 F.2d 906 (5th Cir.1962).
Finally, we find no merit in the Hatfields' contention that the trial court erred in refusing to give other requested instructions.
We reverse and award the Hatfields a new trial solely on the issue of damages.
HOBSON, Acting C.J., and DANAHY, J., concur.