SANDERLIN, Judge.
This is an appeal from a final judgment awarding appellants, Mr. and Mrs. Platt, total damages of $10,000.00 and $52,000.00 respectively, less 65% due to Mrs. Platt’s comparative negligence. They raise three points on appeal; only one merits discussion. Essentially, the Platts argue that an improper delivery of jury instructions hampered the jurors’ deliberations and therefore, deprived them of their full measure of damages. We agree and reverse.
The pleadings and evidence presented at trial established the following facts. In the spring of 1984, the Platts, residents of South Carolina, were vacationing at Sanibel Island, a resort community located on the Gulf Coast. One morning, during their stay, they embarked upon a bicycle excursion which abruptly ended in a collision between Mrs. Platt on her bicycle and a car driven by appellee Jackson and owned by appellee Schwindt. Schwindt had given Jackson permission to drive the car. Mrs. Platt sustained injury to her left leg; her tibia and fibula were fractured and her knee was crushed. Although no surgery was required, her leg was placed in a cast and she remained in the hospital for five days. After her discharge, the Platts returned to South Carolina. Four weeks later her cast was removed.
In South Carolina, Mrs. Platt was employed as a registered nurse at the Charleston Veteran’s Administration Hospital where she was responsible for infection control. The injury caused her to miss eight weeks employment. When she eventually returned to her job, she was confined to a wheelchair and restricted to a part-time schedule. Eventually, she resumed walking. Her position required her to visit, on foot, every floor of the five-floor hospital. Before the accident, Mrs. Platt received high evaluations for her job performance. According to her supervisor, the injury had rendered Mrs. Platt’s job *522 performance “much slower.” The injury, combined with extensive periods of walking and standing, had apparently taken its toll.
At trial, liability was established and further testimony was offered on damages. Mrs. Platt called two orthopedic surgeons to testify; Dr. Garner, who treated her in Ft. Myers immediately following the injury, and Dr. Thompson, who treated her upon her return to Charleston. Both agreed that she had reached maximum medical improvement and that the injury had caused traumatic arthritis which would progress slowly over time. Dr. Thompson, from South Carolina, testified that traumatic arthritis is a type of arthritis which is the “result of trauma or injury.” The doctors’ only disagreement focused on the future need for surgery. Dr. Thompson predicted Mrs. Platt would eventually need surgery for an artificial knee replacement while Dr. Garner considered such surgery possible but not probable.
Mr. Platt testified as to damages sustained by him due to the loss of his wife’s consortium. According to his testimony, the couple had been actively involved in ballroom dancing, had been square dancers since 1962, and belonged to four square dance clubs. Following Mrs. Platt’s injury, however, the dancing activity ceased, as well as their mutual participation in several outdoor activities such as skating, snow-skiing, hiking, and bicycling.
During his wife’s convalescence, Mr. Platt performed all household duties and became his wife’s “complete nurse” and chauffeur. Mr. Platt testified that he has continued with the household chores. Though the couple’s sexual relationship eventually resumed, he felt the permanent effects of the traumatic arthritis had placed a strain on their relationship. He testified that his wife was irritable, often complaining of the injury and the restrictions it had placed on her life and the marital relationship.
Before the jury was discharged to deliberate, the Platts requested an instruction on Mrs. Platt’s entitlement to damages for future loss of earning capacity and an instruction on Mr. Platt’s future loss of consortium. Over the Platts’ objection, the trial court excised any reference to those elements from Florida Standard Jury Instructions 6.2(d) and 6.2(e). We believe this ruling was reversible error.
The Platts were entitled to have the jury instructed on all elements of damages supported by the evidence. See Vagabond Container, Inc. v. City of Miami Beach, 356 So.2d 1266, 1267 (Fla. 3d DCA 1978); Ruiz v. Cold Storage & Insulation Contractors, 306 So.2d 153, 154 (Fla. 2d DCA 1975). If the evidence is properly admitted, Florida Standard Jury Instruction 6.2(d) allows damages to a plaintiff for “any loss of ability to earn money in the future.” (emphasis supplied). Mrs. Platt offered substantial, unrefuted evidence that she had suffered a permanent injury as a result of the defendants’ negligence. She also presented substantial evidence on the future effect of the injury on her employment at the hospital in Charleston, and on her capacity to earn money in the future. In Hatfield v. Wells Brothers, Inc., 378 So.2d 33 (Fla. 2d DCA 1979), we held:
[W]hen ... there is evidence of a permanent injury, it is error for the court to refuse to instruct on loss of future earning capacity.
Id. at 34. We find guidance in Hatfield and are of the opinion that it clearly warrants an instruction on Mrs. Platt’s loss of future earning capacity.
At trial, Mr. Platt requested an instruction for future loss of consortium. Florida Standard Jury Instruction 6.2(e) provides that damages are to be awarded to the husband for “[a]ny loss by reason of his wife’s injury, of her services, comfort, society and attentions in the past and in the future.” (emphasis supplied). Mr. Platt offered substantial proof of loss of consortium and it is not unreasonable to conclude the loss will continue into the future. According to Gates v. Foley, 247 So.2d 40 (Fla.1971), consortium is:
[T]he companionship and fellowship of husband and wife and the right of each *523 to the company, cooperation and aid of the other in every conjugal relation. Consortium means much more than mere sexual relation and consists, also, of that affection, solace, comfort, companionship, conjugal life, fellowship, society and assistance so necessary to a successful marriage.
Id. at 43, citing Lithgow v. Hamilton, 69 So.2d 776, 778 (Fla.1954). We hold that the jury could have- reasonably concluded that Mr. Platt lost his wife’s consortium. Thus, he was entitled to the 6.2(e) instruction.
It is self-evident that a jury is presumed to act according to the instructions it is given. Henning v. Thompson, 45 So.2d 755, 756 (Fla.1950). If evidence at trial supports the jury instructions, as given, then the jury’s verdict is entitled to great deference. If this were the case, we would be inclined to stay our hand and render our affirmance. However, when a jury receives evidence which demonstrates an injured party’s future loss of earning capacity as well as her husband’s future loss of consortium but is deprived of instructions corresponding to such proof, reversible error has occurred and its verdict and award is a nullity. We believe the latter occurred below and must be remedied by a new trial on damages.
Accordingly, we reverse and remand the case for a new trial on the issue of damages.
CAMPBELL, A.C.J., and SCHOON-OVER, J., concur.