374 So.2d 611 (1979)
ALLSTATE INSURANCE COMPANY, Dawn Elaine Horen and Patricia Horen, Appellants,
v.
Sandra Lee SHILLING, Appellee.
No. 77-1750.
District Court of Appeal of Florida, Fourth District.
August 15, 1979.
*612 Robert T. Bergin, Jr., of Brennan, McAliley, Hayskar & McAliley, West Palm Beach, for appellants.
Lawrence U.L. Chandler, of Hamilton, James, Merkle & Young, West Palm Beach, for appellee.
PER CURIAM.
Dawn Elaine Horen and Patricia Horen are joined by their insurer, Allstate Insurance Company, in seeking review of a final judgment entered in favor of Sandra Lee Shilling in an action to recover damages for personal injuries. We affirm in part and reverse in part.
The instant case arises out of an automobile collision between an automobile operated by Dawn Elaine Horen and owned by Patricia Horen with an automobile operated by the appellee. Although appellee did not complain of injuries at the time of the accident, three days later she visited a physician complaining of headaches, pain in the back of the neck and across the top of the shoulders and pain in the lower back. Treatment for appellee's ailments were given by a chiropractor who saw her on approximately eighty occasions. When she was finally discharged, appellee's treating chiropractor recommended that she visit a second chiropractic physician, who opined that appellee had reached maximum medical improvement.
Suit was filed by appellee to recover damages for her personal injuries. Liability was admitted by the defendants and only the amount of damages remained in dispute. In preparation for trial, appellee visited a court-appointed orthopedic surgeon. At trial, each of the three physicians who had examined appellee agreed that appellee suffered partial permanent disability. The estimated percentage of disability differed among the three, and ranged from five per cent to twelve per cent. The case was submitted to the jury, which returned a verdict in favor of Ms. Shilling and awarded damages in the amount of $30,000. Appellants moved for a new trial, which was denied. Allstate Insurance Company filed a motion for clarification of judgment to limit judgment to the applicable policy limits of $10,000. This motion was also denied. This appeal followed.
Appellants first challenge the giving of a certain jury instruction which allowed the jury to award damages for impairment of earning capacity.
An award of damages for diminution of earning capacity is based upon a showing that the capacity to labor has been diminished as a result of the injuries received. In order to warrant an instruction on recovery for impairment of earning capacity, such impairment must be shown with reasonable certainty, and there must *613 be evidence which will permit the jury to arrive at a pecuniary value for the loss. Bartholf v. Baker, 71 So.2d 480 (Fla. 1954); Baggett v. Davis, 124 Fla. 701, 169 So. 372 (1936). In most cases, evidence tending to show the existence of some degree of permanent injury is sufficient to warrant an instruction on damages for impairment of earning capacity, provided there exists some basis upon which the jury can reasonably assess damages.
In the instant case, there is substantial competent evidence in the testimony of the three examining physicians upon which the jury could determine that appellee has sustained some degree of permanent injury. Further, testimony was taken which tended to show that as a result of the injuries sustained, appellee has had to modify her work habits. There is sufficient evidence upon which the jury could have based a determination as to the extent that appellee's earning capacity has been diminished without resorting to speculation and conjecture.
Appellants point out that at the time of trial, appellee was working at the same job she had prior to the accident, and that no loss of earnings occurred as the result of the accident. Appellants misconceive the principles underlying an award of damages for impairment of earning capacity. Such an award is based upon the determination that the capacity to labor has been diminished as a result of the injuries sustained, and is not dependent upon the injured party's earnings either prior to or following the accident. Florida Greyhound Lines v. Jones, 60 So.2d 396 (Fla. 1952); Goldstein v. Walters, 126 So.2d 759 (Fla. 2d DCA 1961). The fact that the injured party has resumed work after receiving the injury and is working at the time of trial does not prevent recovery for impairment of earning capacity. Such facts are merely evidence to be weighed by the jury in determining whether or not the injured party's earning capacity has been impaired. The instant record reveals sufficient evidence to support the jury's award.
Appellants next attack the amount of the jury's award of damages.
It is axiomatic that a jury's verdict on damages will not be disturbed on the grounds of excessiveness unless it is so excessive as to shock the judicial conscience. Bartolf v. Baker, supra. Sub judice, the jury awarded $30,000 in damages to appellee for her injuries. Of this amount, $1,214 was awarded for actual out-of-pocket expenses incurred as payment for medical treatments. The remaining $28,786 represents compensation for appellee's physical suffering, the future pain and suffering which she will be forced to endure because of her permanent physical injuries and the concomitant diminution of her earning capacity, her physical functions and her ability to enjoy life. It has not been made to appear by appellants that the jury considered improper elements of damages, or arrived at the amount of damages by speculation and conjecture. Moreover, liability was admitted by appellants and only evidence as to damages was presented to the jury. Thus, the jury had only to consider the issue of damages undistracted by consideration of liability. The amount of damages awarded, though generous, does bear a reasonable relation to the injury sustained, and therefore will not be disturbed.
Appellant, Allstate Insurance Company, challenges the entry of judgment against it for the full amount of the jury's award in excess of the stated limits of its policy of insurance.
In the answer filed jointly by all appellants as defendants below, Allstate Insurance Company admitted coverage in a limited, though unspecified, amount and therein moved the court to limit any judgment against it to the amount of coverage. During pre-trial discovery, Allstate admitted coverage in the amount of $10,000. Subsequent to entry of the jury's verdict but prior to entry of final judgment, Allstate filed a motion for clarification of judgment wherein it sought to limit its liability to the amount specified in the applicable policy of insurance. This motion was denied, and the court entered final judgment against Allstate for the full amount of the judgment.
*614 Generally, absent unusual circumstances an insurer cannot be held liable for an amount in excess of the stated insurance policy limits. The reason for the denial of Allstate's motion does not appear in the record. Counsel for appellee in the brief urges affirmance of the trial court's denial from the somewhat anomalous posture of seeking to protect the interests of the other defendants below, Dawn and Patricia Horen, as the insureds. See Williams v. Banning, 259 So.2d 725 (Fla. 2d DCA 1972). Although appellants' argument is commendable for its chivalry, it is insufficient legally to sustain the trial court's ruling. Absent some compelling reason in the record to support entry of judgment against an insurer in excess of its contracted limits of liability, we must adhere to our view set forth in Stella v. Craine, 281 So.2d 584 (Fla. 4th DCA 1973). When no dispute exists as to the policy limits or available coverage and such limits are made known to all parties during pre-trial discovery, the trial court should upon proper verification grant an insurer's motion to limit judgment. Stella v. Craine, id.; Quinn v. Millard, 358 So.2d 1378 (Fla. 3d DCA 1978); Industrial Fire & Casualty Ins. Co. v. Schaffer, 354 So.2d 1271 (Fla. 3d DCA 1978); Soler v. Kukula, 297 So.2d 600 (Fla. 3d DCA 1974).
Appellants' final point as to reexamination by the jury of a chart prepared by plaintiff's attorney for use during final argument after the jury had retired is being raised for the first time on appeal. Since no objection to such procedure was made before the trial court, the point has not been properly preserved and may not now be raised on appeal. Kight v. American Eagle Fire Ins. Co., 125 Fla. 608, 170 So. 664 (1936).
Accordingly, that part of the final judgment entered in favor of Sandra Lee Shilling and against Dawn Elaine Horen and Patricia Horen is affirmed; that part of the final judgment entered in favor of Sandra Lee Shilling and against Allstate Insurance Company is reversed and the cause remanded for further proceedings consistent with the views hereinabove expressed.
Affirmed in part, and reversed in part and remanded.
MOORE and BERANEK, JJ., and SPENCER C. CROSS, Associate Judge, concur.