458 So.2d 393 (1984)
Betty LONG, Appellant,
v.
PUBLIX SUPER MARKETS, INC., Appellee.
Nos. AU-468, AV-424.
District Court of Appeal of Florida, First District.
November 1, 1984.
Kurt Andrew Simpson and Michael V. Mattson of Law Offices of Kurt Andrew Simpson, Jacksonville, for appellant.
Carl K. Staas and James H. McCarty, Jr. of Boyd, Jenerette Staas, Joos, Williams & Felton, Jacksonville, for appellee.
BARFIELD, Judge.
In this appeal of a personal injury case the plaintiff, Betty Long, seeks review of a summary judgment favorable to the defendant, Publix Super Markets, Inc., on the issue of punitive damages, and the refusal of the trial judge to instruct the jury on loss of ability to earn money in the future as an element of plaintiff's damages.
*394 The appeal of the summary judgment on punitive damages is without merit and the judgment on that issue is AFFIRMED.
We agree with the appellant that she was entitled to a jury instruction on loss of ability to earn money in the future. The record reflects that there was evidence before the jury that plaintiff had a five percent permanent disability of her arm and that she was ten percent less efficient than she was before the injury. In addition to the evidence of physical impairment, the jury had evidence of plaintiff's current dollar earnings which provided a basis for determining pecuniary value. All that is required to justify the instruction is that there be reasonably certain evidence that the capacity to labor has been diminished and that there is a monetary standard against which the jury can measure any future loss. Allstate Insurance Co. v. Shilling, 374 So.2d 611 (Fla. 4th DCA 1979). The fact that plaintiff at the time of trial is earning as much or more than she did prior to the injury does not preclude her from asking the jury to consider loss of future earning capacity. Such circumstances may make her burden of persuasion more difficult, but they do not defeat her opportunity to try.
There is a certain logical appeal to the trial court's view that the jury not be burdened with the issue of future loss of earning capacity when faced with no present loss, but rather an increase, in earnings and a current employer's testimony (produced by the defense) that plaintiff's future with that employer was "excellent." However, should the jury choose to look beyond this less-than-guaranteed employment, it may determine the effect of the impairment on the plaintiff's future earning capacity.
The judgment for damages is REVERSED and the case is REMANDED to the trial court for a new trial on total compensatory damages.
JOANOS and WIGGINTON, JJ., concur.