472 So.2d 1264 (1985)
HOWARD BROTHERS and Integrity Insurance Company, Appellants,
v.
Jose SOTUYO and Bernice D. Sotuyo, His Wife, Appellees.
No. BD-159.
District Court of Appeal of Florida, First District.
July 3, 1985.
Rehearing Denied August 12, 1985.
*1265 Richard M. Denney, Fort Walton Beach, for appellants.
Walter A. Steigleman and W. Dennis Brannon of Dewrell, Blue & Brannon, Fort Walton Beach, for appellees.
MILLS, Judge.
Howard Brothers and Integrity Insurance Company appeal from a final judgment for the plaintiffs (Sotuyos) in a personal injury action. They contend the trial court erred in allowing certain testimony and in giving certain jury instructions. We affirm.
Jose Sotuyo sued Howard Brothers and its insurance carrier for damages resulting from a slip-and-fall accident at Howard Brothers' store. His wife sued for related losses. The case went to trial, and the jury returned a verdict in favor of the plaintiffs. The jury awarded Sotuyo $240,670.50, and his wife $25,000.
At the time of the accident and at the time of the trial, Sotuyo was a patrolman with the Ft. Walton Beach Police Department. Consequently, during trial, the plaintiffs called Sotuyo's supervisor, Captain Veasey, as a witness. Veasey testified he is in charge of all patrol officers, is subordinate only to the chief of police, is the police department's collective bargaining representative, is familiar with the department's job description for police officers, and has been a policeman for 16 years. He testified he does not have authority to terminate employees, but may recommend to the chief that an employee be terminated.
When counsel for the plaintiffs informed Veasey that a testifying physician had imposed various physical limitations on Sotuyo, Veasey testified he would recommend Sotuyo be removed from the patrol division. He further testified that there was no alternative position with the department open and available to Sotuyo.
The defendants contend the trial court erred in allowing Veasey's testimony. They argue he was not qualified to testify on the issues raised because he did not have authority to terminate employees, and because his knowledge of other available positions was not established. We reject this argument because the evidence of Veasey's position in the department, together with the evidence of his experience and other credentials, was an adequate foundation for the testimony that followed. See, Section 90.604, Florida Statutes (1983).
The defendants also argue that the testimony was inadmissible opinion or inference. We disagree. The testimony that Veasey would recommend removing Sotuyo from the patrol division was simply testimony as to a future course of conduct. Likewise, the testimony as to availability of alternative jobs within the department was nothing more than testimony as to the fact of job unavailability. As such, none of the challenged testimony was subject to the restrictions placed on inference and opinion testimony. See, Sections 90.701 and 90.702, Florida Statutes (1983).
*1266 As a final argument against the trial court's allowance of Veasey's testimony, the defendants contend the testimony was mere speculation about Sotuyo's future wage earning capacity and therefore inadmissible. The rule, however, that evidence of loss of ability to earn money in the future must not be unduly speculative, applies not to the admissibility, but to the sufficiency of evidence. See, e.g., Long v. Publix Super Markets, 458 So.2d 393 (Fla. 1st DCA 1984).
Finding no merit in the arguments concerning Veasey's testimony, we turn to the second issue raised on appeal: Did the trial court err in giving standard jury instructions on duty of care and vicarious liability?
At the charge conference, the trial court announced it intended to give Florida Standard Jury Instructions 3.1(a) (pre-emptive charge on duty to use reasonable care), 3.1(b) (pre-emptive charge on vicarious liability), and 3.5(f) (landowner or possessor's negligence toward invitee or invited licensee). Defense counsel argued that 3.1(b) should not be given and that, in any event, the name of a cashier, who was working at the store when Sotuyo slipped and fell and who testified at trial, should not be included in the instruction. The trial court nevertheless gave all three instructions and included the cashier's name in 3.1(b).
On appeal, the defendants contend it was error to give 3.1(a) and 3.1(b). We refuse to consider whether it was error to give 3.1(a) because the defendants did not object below to its use. Florida Rule of Civil Procedure 1.470(b). 3.1(b) is not duplicative of 3.5(f). 3.1(b) is an instruction on vicarious liability, while 3.5(f) is an instruction on duties owed by the landowner or possessor. Because the complaint alleged negligence of Howard Brothers' servants and employees in the scope of their employment, 3.1(b) was appropriate. Insertion of the cashier's name was not improper because the instruction calls for a name if applicable, and the plaintiffs contended at trial that the named cashier acted negligently.
AFFIRMED.
SMITH and THOMPSON, JJ., concur.