495 So.2d 841 (1986)
Raymond COX and Patty Cox, His Wife, Appellants/Cross-Appellees,
v.
SHELLEY TRACTOR AND EQUIPMENT INC., a Florida Corporation, and R.O. Corporation, a Foreign Corporation, Appellees/Cross-Appellants.
No. 85-2861.
District Court of Appeal of Florida, Third District.
October 7, 1986.
David L. Kahn, Fort Lauderdale, Daniels & Hicks and Patrice A. Talisman, Miami, for appellants/cross-appellees.
Fowler, White, Burnett, Hurley, Banick & Strickroot and A. Blackwell Stieglitz, Miami, for appellees/cross-appellants.
Before HENDRY, NESBITT and DANIEL S. PEARSON, JJ.
PER CURIAM.
We reverse the order entered by the trial court granting R.O. Corporation's motion for remittitur or, in the alternative, motion for new trial as to damages. The trial court based its order upon the general findings that the verdict was excessive and tainted by jury bias, prejudice, sympathy, and other matters outside of the record. In support of this, the trial court specifically noted that: 1) Cox lost only one year of work due to the accident, 2) Cox is earning more now than prior to the accident, and 3) there was no testimony showing that Cox would be unable to continue in his present employment. The general findings are unsupported by the record and the specific findings are contrary to the law and facts.
The jury was instructed that it could consider loss of earning capacity, amongst other things, in assessing damages. An award for impairment of earning capacity "is based upon the determination that the capacity to labor has been diminished as a result of the injuries sustained, and is not dependent upon the injured party's earnings *842 either prior to or following the accident." Allstate Insurance Co. v. Shilling, 374 So.2d 611, 613 (Fla. 4th DCA 1979). Therefore, the jury could have awarded damages based upon Cox's testimony that he is unable to work as he used to and that he needs the help of a journeyman to complete his work in a timely manner regardless of his present earnings. Cf. Long v. Publix Super Markets, Inc., 458 So.2d 393 (Fla. 1st DCA 1984). Furthermore, Cox presented conclusive evidence establishing that his lost earnings for the year away from work were $20,000. Consequently, we reject the trial court's specific findings as contrary to the law and facts of this case.
The only portions of the record arguably supporting the trial court's general findings that the verdict was excessive are the vivid references used by Cox's expert witness and counsel in describing his injuries. We find, however, that the characterizations of Cox's foot as "crushed" and put together like a "shish kebab" were entirely fair, though graphic, and were not so inflammatory as to require a new trial. Cf. Daniels v. Weiss, 385 So.2d 661 (Fla. 3d DCA 1980); Metropolitan Dade County v. Dillon, 305 So.2d 36 (Fla. 3d DCA 1974), cert. denied, 317 So.2d 442 (Fla. 1975). Having determined that the trial court's specific findings are improper and that there is no record support for its general findings, we reverse the order for remittitur or a new trial on damages in the alternative. See Ashcroft v. Calder Race Course, Inc., 492 So.2d 1309 (Fla. 1986); Wackenhut Corp. v. Canty, 359 So.2d 430 (Fla. 1978); Laskey v. Smith, 239 So.2d 13 (Fla. 1970). Cf. Prime Motor Inns, Inc. v. Waltman, 480 So.2d 88 (Fla. 1985) (where trial court cites no reasons for entry of new trial, appellate court required to relinquish jurisdiction to trial court for entry of specific grounds).
R.O. Corporation cross-appeals, contending that the trial court should have ordered a new trial on liability. Since we cannot say that the trial court's determination in this regard was clearly erroneous, we affirm the order denying a new trial on liability. See Cedars of Lebanon Hospital Corp. v. Silva, 476 So.2d 696 (Fla. 3d DCA 1985); see also Ashcroft, 392 So.2d at 1312 n. 1.
Accordingly, we reverse the order granting remittitur or a new trial on damages in the alternative. Further, the trial court is directed to enter judgment in accordance with the jury verdict with interest thereon from the date the verdict was rendered. See Honda Motor Co. v. Marcus, 440 So.2d 373 (Fla. 3d DCA 1983), review dismissed, 447 So.2d 886 (Fla. 1984). The judgment, in all other respects, is affirmed.