497 So.2d 904 (1986)
Ronald BURNHAM, Appellant,
v.
STATE of Florida, Appellee.
No. 85-1127.
District Court of Appeal of Florida, Second District.
October 15, 1986.
Rehearing Denied November 20, 1986.
James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Tampa, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
*905 SCHOONOVER, Judge.
Appellant, Ronald Burnham, appeals from the judgments and sentences entered against him pursuant to jury verdicts finding him guilty of aggravated battery, attempted first degree murder, and false imprisonment. We affirm in part and reverse in part.
As a result of an incident between appellant and his ex-wife, appellant was charged with burglary,[1] aggravated battery, attempted first degree murder, and false imprisonment. Prior to trial, the trial court granted appellant's motion for the appointment of independent experts to assist him in preparing his defense of lack of specific intent due to intoxication. The state subsequently took the discovery depositions of two doctors who had been appointed by the court, Antone Krone, M.D., and Mark Leftokowitz, a licensed psychologist, and then filed a motion in limine seeking to prohibit or limit their testimony. The state's motion was not heard until the second day of trial. At that time the court deferred ruling and stated that a proffer of the experts' testimony would be taken when the doctors were called to testify.
After appellant testified concerning the amount of alcoholic beverages he had consumed prior to the incident in question, appellant's attorney indicated he was going to call the two doctors to testify. The state objected, not on the grounds set forth in its motion in limine, but on the ground that, as evidenced by the discovery depositions, the facts upon which the doctors based their opinions were not in the record. The court, rather than proceeding with a proffer of the doctors' testimony as it had previously stated it would, heard argument of counsel, considered the testimony in the discovery depositions, and granted the state's motion to exclude the doctors' testimony. In doing so, the court found that the doctors' opinions were based upon too many factors not in evidence.
The defense rested, and the jury found appellant guilty of aggravated battery, attempted first degree murder, and false imprisonment. Appellant was sentenced to five years imprisonment on the attempted first degree murder charge, ten years probation on the aggravated battery charge, and three years probation on the false imprisonment charge. The two probationary periods were to run concurrently with each other, and consecutively to the five year imprisonment charge. Appellant filed a timely notice of appeal.
We find merit only in appellant's contention that the trial court erred in refusing to allow the experts to testify without taking a proffer of their testimony.
Prior to trial, when seeking the appointment of independent experts, appellant had informed the court that he was going to rely on the defense of voluntary intoxication as it related to the charges of attempted first degree murder and aggravated battery, which are specific intent crimes. See Gurganus v. State, 451 So.2d 817 (Fla. 1984); Evans v. State, 452 So.2d 1093 (Fla. 2d DCA 1984); Russell v. State, 373 So.2d 97 (Fla. 2d DCA 1979). Because voluntary intoxication is a valid defense to specific intent crimes, Cirack v. State, 201 So.2d 706 (Fla. 1967); Britts v. State, 158 Fla. 839, 30 So.2d 363 (1947), testimony concerning appellant's intoxication, if otherwise admissible, was relevant to appellant's defense. In its motion in limine, the state incorrectly argued that expert testimony was not admissible for this purpose. We disagree. Where the defense of voluntary intoxication is at issue in a case, expert testimony is relevant. See Gurganus; Cirack; see also, Johnson v. State, 393 So.2d 1069 (Fla. 1981).
We also disagree with the state's contention, made at the time appellant attempted to call the doctors to testify, that *906 the doctors' opinions had to be based solely upon facts in the record. The hearsay rule poses no obstacle to expert testimony premised, in part, upon tests, records, data, or opinions of another, where such information is of a type reasonably relied upon by experts in the field. Bender v. State, 472 So.2d 1370 (Fla. 3d DCA 1985); § 90.704, Fla. Stat. (1983). A review of the discovery depositions taken by the state indicates that such tests had been performed upon the appellant and, accordingly, could have been relied upon by the doctors when giving their opinion as to appellant's lack of specific intent at the time the crimes were committed. This court has held, furthermore, that it is not necessary for a hypothetical question to be limited to only the facts that are directly established by the evidence. Such a question can be based upon an assumed state of facts which the evidence in the record tends to prove, even by inference. Fouts v. State, 374 So.2d 22 (Fla. 2d DCA 1979), disapproved on other grounds in Parker v. State, 408 So.2d 1037 (Fla. 1982).
The depositions do reveal facts that were not a part of the record at the time the experts were called upon to testify, but appellant should have been allowed to question the doctors as to whether they could give an opinion based upon the facts in the record, based upon other information authorized by section 90.704, or based upon any assumed state of facts which the evidence in the record tended to prove, even by inference. Prior to the court's ruling on the motion in limine, appellant's attorney agreed to limit the facts upon which the experts based their opinion. Rather than allowing appellant to do so as dictated by section 90.704, and section 90.705, Florida Statutes (1983), the trial court granted the state's motion to prohibit the testimony. By doing so, it erred. We, accordingly, reverse appellant's convictions for aggravated battery and attempted first degree murder and remand for a new trial. We affirm appellant's conviction for false imprisonment.
Affirmed in part, reversed in part, and remanded.
DANAHY, C.J., and SANDERLIN, J., concur.
NOTES
[1] At the conclusion of the state's case-in-chief, the court granted appellant's motion for judgment of acquittal on the burglary charge.