517 So.2d 68 (1987)
Jeanne HUBBS and John Hubbs, Appellants,
v.
Laura McDONALD and Joe McDonald, Appellees.
No. BS-368.
District Court of Appeal of Florida, First District.
December 15, 1987.
Rehearing Denied January 22, 1988.
*69 Donald G. Nichols of Nichols & Nichols, Jacksonville, for appellants.
Robert C. Gobelman and Jack W. Shaw, Jr. of Mathews, Osborne, McNatt, Gobelman & Cobb, Jacksonville, for appellees.
PER CURIAM.
Jeanne Hubbs and John Hubbs appeal an order denying their motion for new trial or additur, following a jury award to Jeanne Hubbs for personal injuries arising out of an automobile accident. Two issues are presented for our review: (1) the trial court's refusal to instruct the jury on Jeanne Hubbs' loss of future earning capacity, and (2) the trial court's failure to grant a new trial on John Hubbs' derivative claim. We affirm in part, and reverse in part.
A jury instruction on diminished capacity to earn in the future is warranted when the record demonstrates the existence of "reasonably certain evidence that the capacity to labor has been diminished and that there is a monetary standard against which the jury can measure any future loss." Long v. Publix Super Markets, Inc., 458 So.2d 393, 394 (Fla. 1st DCA 1984). See also Allstate Insurance Company v. Shilling, 374 So.2d 611 (Fla. 4th DCA 1979). The record before this court includes evidence that, as a result of the injury received in the automobile accident which gave rise to this appeal, Jeanne Hubbs has sustained a diminished future earning capacity as contemplated by this court in Long v. Publix Super Markets, Inc. The medical evidence indicates that Jeanne Hubbs' injuries impaired her ability to lift, bend, and stoop on a repetitive basis. In addition, this record contains evidence that at the time Jeanne Hubbs terminated her employment with Hardee's she was earning $4.25 an hour, while her current earnings as a cashier are $3.50 an hour. The record also reflects, as it did in Allstate, that as a result of her injuries Mrs. Hubbs was forced to modify her work habits. The manager of Hardee's, where she was employed, testified that after the accident, he and the other employees performed many of the duties, such as lifting, that were difficult for Mrs. Hubbs. Although the evidence is disputed by appellees, the manager also testified that Mrs. Hubbs continued to have problems at work.
The trial court's denial of the requested instruction on loss of future earnings cannot properly be based upon evidence that after the accident, Mrs. Hubbs requested a reduction in work hours, nor upon the conclusion that her voluntary termination of her employment at Hardee's amounted to a voluntary reduction of income. The test for entitlement to an instruction on loss of future earnings is not dependent upon earnings either before or after the injury. Rather, the test is whether the injured party's capacity to labor has been diminished by virtue of the injuries suffered. The record in this case reflects that Mrs. Hubbs has a diminished capacity to labor as a result of the injury sustained in the accident, and the evidence of her earnings furnishes a monetary standard against which the jury can measure any future loss. Allstate, supra; Hatfield v. Wells Brothers, Inc., 378 So.2d 33 (Fla.2d *70 DCA 1979), cert. denied, 388 So.2d 1119 (Fla. 1980).
Accordingly, the order appealed is reversed in part and this cause is remanded for a new trial on the issue of Jeanne Hubbs' entitlement to compensatory damages. At the conclusion of the trial on damages, the trial court is directed to instruct the jury to consider the effect of plaintiff's permanent impairment on her future earning capacity. The record reflects sufficient evidence to support the jury's verdict with respect to the derivative claim, and we affirm on this point.
Affirmed in part, reversed in part, and remanded for a new trial on the issue of compensatory damages.
SMITH, C.J., and WENTWORTH and JOANOS, JJ., concur.