BARKDULL, Judge.
Maria Serrano, joined by her husband, Manuel, brought a malpractice action against Dr. Lewis Dan, M.D., his P.A., Dan & Sherman, M.D., P.A., and Dr. William Sabates and his P.A., which sounded in tort for negligently diagnosing and treating a brain tumor as glaucoma. On the eve of trial, the plaintiff settled with Dr. Sabates and his P.A. for $350,000. This was applied $99,999 to Maria and $250,001 to her husband. All of this was done without the acquiescence of the other defendants. After the settlement, Dr. Sabates and his P.A. were dismissed as defendants. At the opening of the trial, the plaintiff husband was voluntarily dismissed.
Dr. Sherman treated Serrano from December, 1981, through September, 1982, and Dr. Sabates treated her from September 15, 1982, through May, 1984. Serrano was ultimately diagnosed, via CAT Scan, as having a tumor. The tumor was surgically removed and Serrano regained her sight in one eye. The jury returned a verdict for $500,000 in favor of Serrano and against Dr. Sherman individually, and his P.A.[1] *301 When it came time to enter judgment on the verdict and to award Serrano attorney’s fees pursuant to Section 768.56, Florida Statutes (1981), the trial court first limited her recovery against Dr. Sherman individually, to the amount of his insurance coverage of $100,000, and held that the fund would only be responsible for this sum, because of the provisions of Section 768.54, Florida Statutes (1981), and reduced the amount of the claim against the P.A. by only $100,000, the amount apportioned to her in the settlement with Dr. Sabates and his P.A., and awarded attorney fees of forty percent (40%) of the gross recovery which included the award of attorney’s fees.
Dan and Sherman, M.D., P.A., appeal and cross-appeal and urge error in the following: (1) The trial court erred in failing to grant a directed verdict on the absence of competent evidence of proximate causation; (2) The trial court erred in granting plaintiff’s motion for summary judgment on the running of the four year statute of limitations; (3) The trial court abused its discretion in refusing to set aside the jury award of $240,000 for future lost earnings, which is against the manifest weight of the evidence; and (4) The trial court erred in awarding the attorney’s fees in excess of the forty percent contingency fee agreement.
Maria Serrano appeals and cross-appeals and urges error in the following: (1) The trial court erred in apportioning $99,999.00 of the settlement to Maria Serrano’s claim and $250,001 of the settlement to Manuel Serrano’s derivative claim; and (2) The plaintiff is entitled to judgment against the defendant, member of the Florida Patient’s Compensation Fund, for the full amount of her damages and attorney’s fees, pursuant to Section 768.54, Florida Statutes, as amended.
The only error we find in considering these consolidated appeals, is as it relates to the limitation pursuant to Section 768.54, Florida Statutes, the proper setoff for the Sabates settlement, and the proper recovery of attorney’s fees. All other points urged for reversal we find to be without merit. See Burnham v. State, 497 So.2d 904 (Fla. 2d DCA 1986) (expert may give opinion based on reasonable inferences from facts in the record); Williams v. Bay Hospital, Inc., 471 So.2d 626 (Fla. 1st DCA 1985) (even if plaintiff can’t prove one element of damages, the case may go to the jury on whatever elements can be proved); Lotspeich Co. v. Neogard Corp., 416 So.2d 1163 (Fla. 3d DCA 1982) (pre-trial stipulation prescribing issues is binding on the parties and the court); Ash v. Stella, 457 So.2d 1377 (Fla.1984) (statute of limitations in a negligent diagnosis case doesn’t begin to run until after there has been a correct diagnosis); Pisut v. Sichelman, 455 So.2d 620 (Fla. 2d DCA 1984), citing Cates v. Graham, 427 So.2d 290 (Fla. 3d DCA 1983) (the statute of repose begins to run on the last day of the treatment alleged in each count); Cox v. Shelley Tractor and Equipment Co., 495 So.2d 841 (Fla. 3d DCA 1986) citing Allstate Insurance Co. v. Shilling, 374 So.2d 611 (Fla. 3d DCA 1979) (an award for lost earning capacity not based on injured party’s earnings either prior to or following accident); Florida Greyhound Lines, Inc. v. Jones, 60 So.2d 396 (Fla.1952) (loss of earning capacity award to housewife who had never worked).
Turning to the limitation of recovery, we find that the court erred in applying the 1981 version of Section 768.54, Florida Statutes, as a limitation, when the misdiagnoses continued beyond the date in 1982 when Section 768.54 was amended.[2] *302 Since the negligence at issue, was of a continuing nature, and Serrano’s claim against the doctors accrued some time after her tumor was discovered or should have been discovered, the statute in effect on the last day that treatment occurs is the one that should control. Young v. Altenhaus, 472 So.2d 1152 (Fla.1985); Ash v. Stella, 457 So.2d 1377 (Fla.1984).
As to the amount of setoff, the authority indicates that the trial court must make a determination of the proper apportionment on a claimant’s settlements when one party settles with a party alleged to be negligent, without consideration or consent with one jointly responsible. See and compare Seaboard System Railroad, Inc. v. Goforth, 545 So.2d 482 (Fla. 5th DCA 1989); City of Tamarac v. Garchar, 398 So.2d 889 (Fla. 4th DCA 1981), overruled on other grounds.
The Florida Supreme Court has clearly indicated, in fixing a contingent percentage recovery, that the percentage will not be applied to a figure (principal recovery) which includes the award of attorney fees. World Service Life Insurance Co. v. Bodiford, 537 So.2d 1381 (Fla.1989). Therefore, so much of the final judgments under review, that are contrary to this opinion, be and the same, are hereby reversed and set aside and this matter is returned to the trial court for a hearing, to determine the proper amount of setoff, the application of Section 768.54, Florida Statutes (1982), and thereupon the proper award of attorney's fees.
Reversed and remanded with directions.

. During the time he treated Serrano, Dr. Dan and his P.A. had a liability policy with a $100,- *301 000 coverage. Additionally, Dr. Dan was a member of the Florida Patients Compensation Fund, which was not made a part of the proceedings at any time.

. § 768.54, Florida Statutes (1981)
(2)(b) LIMITATION OF LIABILITY “A health care provider shall not be liable for an amount in excess of $100,000 per claim or $500,000 per occurrence for claims covered under subsection (3) if the health care provider had paid the fees required pursuant to subsection (3) for the year in which the incident occurred for which the claim is filed, and an adequate defense for the fund is provided, and pays at least the initial $100,000 or the maximum limit of the underlying coverage maintained by the health care provider on the date *302 when the incident occurred for which the claim is filed, whichever is greater, of any settlement or judgment against the health care provider for the claim in accordance with paragraph (3)(e).” (emphasis added)
§ 768.54, Florida Statutes (1982)
(2)(b) LIABILITY "Whenever a claim covered under subsection (3) results in a settlement or judgment against a health care provider, the fund shall be liable to the extent of the coverage if the health care provider has paid the fees required pursuant to subsection (3) for the year in which the incident occurred for which the claim is filed, provides an adequate defense for the fund, and pays the initial amount of the claim up to the applicable amount set forth in paragraph (f) or the maximum limit of the underlying coverage maintained by the health care provider on the date when the incident occurred for which the claim is filed, whichever is greater." (emphasis added)
§ 768.54, Florida Statutes (1981)
(3)(e)(3) PATIENTS COMPENSATION FUND — Claims Procedure "A person who has recovered a final judgment or a settlement approved by the fund against a health care provider who is covered by the fund may file a claim with the fund to recover that portion of such judgment or settlement in excess of $100,000 or the amount of the health care provider’s basic coverage, if greater, as set forth in paragraph (2)(b).” (emphasis added)
§ 768.54, Florida Statutes (1982)
(3)(e)(3) PATIENT’S COMPENSATION FUND — Claims Procedures "A person who has recovered a final judgment against the fund or against a health care provider who is covered by the fund may file a claim with the fund to recover that portion of such judgment which is in excess of the applicable amount set forth in paragraph (2)(f), or the amount of the health care provider's basic coverage, if greater, as set forth in paragraph (2)(b).” (emphasis added)