IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

     Appellant,

v.

     Case No. 5D16-2948, 5D17-209

BRENDA HARMON,

     Appellee.

_____/

Opinion filed January 26, 2018

Appeal from the Circuit Court
for Putnam County,
Scott C. Dupont, Judge.

Rhonda B. Boggess, and Gina P. Grimsley,
of Taylor, Day, Grimm & Boyd, Jacksonville,
for Appellant.

Leslie H. Morton, Robert L. McLeod, II, and
Seth B. Dempsey, of The Mcleod Firm, St.
Augustine, for Appellee.

PER CURIAM.

     State Farm Mutual Automobile Insurance Company appeals the final judgment and

the trial court's order denying its motion for new trial and remittitur. We affirm as to all

issues except for the trial court's failure either to grant the remittitur or to order a limited

new trial because there was insufficient evidence to sustain the jury's verdict awarding

future medical expenses in the amount of $100,000. For the reasons set forth below, we affirm in part, reverse in part, and remand for further proceedings.

Brenda Harmon sued State Farm, her insurer, seeking underinsured motorist benefits following her collision with an underinsured driver. While the negligence of the adverse driver was admitted, State Farm contested injury causation and related damages. The jury awarded Ms. Harmon $685,800, which included $158,000 for past medical expenses and $100,000 for future medical expenses.

State Farm challenges rulings made during trial regarding whether the scope of one expert's testimony was properly disclosed prior to trial, whether a treating physician could testify regarding why he referred Ms. Harmon to a neurosurgeon, and whether comments Ms. Harmon's counsel made during closing argument were unfairly prejudicial. The standard of review is abuse of discretion for each of these issues. *See Binger v. King Pest Control*, 401 So. 2d 1310, 1313-14 (Fla. 1981) (explaining the standard of review for expert witness disclosure); *City of Orlando v. Pineiro*, 66 So. 3d 1064, 1068 (Fla. 5th DCA 2011) (explaining the standard of review for improper closing argument); *Crowe v. Lowe*, 942 So. 2d 903, 905 (Fla. 4th DCA 2006) (explaining the standard of review for admissibility of evidence). Under the specific facts of this case, we find no abuse of discretion as to any of those issues, and we affirm without further discussion.

However, we find that the trial court erred by denying State Farm's motion for new trial or for remittitur regarding the jury's award of $100,000 for future medical expenses. Ms. Harmon presented the testimony of her treating physician, Dr. Collier, to lay a foundation for an award of future medical expenses. Dr. Collier testified that Ms. Harmon would need certain care in the future, such as routine follow-up visits with her doctors on

2

a schedule approximating the one she followed post-accident. Dr. Collier agreed with Ms. Harmon's counsel that his prior billing could reflect the cost of those probable future visits. Additionally, Dr. Collier testified that Ms. Harmon *may* need different modalities of treatment in the future that *might include* trigger point injections, which *might possibly* be of benefit along with other treatments that *might* be indicated in the future. Again, Dr. Collier agreed with Ms. Harmon's counsel that a review of his past medical bills, totaling $35,947, could define the costs of those possible treatments that may occur in the future.

Because "Florida law restricts recovery of future medical expenses to those expenses 'reasonably certain' to be incurred," there was no evidentiary basis for those potential future medical expenses. *Volusia Cty. v. Joynt*, 179 So. 3d 448, 452 (Fla. 5th DCA 2015). "Testimony or evidence that certain treatments *might possibly* be obtained in the future cannot merit an award of future medical expenses." *Gen. Emps. Ins. Co. v. Isaacs*, 206 So. 3d 62, 63 (Fla. 4th DCA 2016). The trial court also erred in allowing the award for future care, other than routine follow-up visits, because Dr. Collier offered no specific or general dollar amount and provided no reliable means by which the jury could calculate the cost of that potential additional future medical care. "[T]here must be an evidentiary basis upon which the jury can, with reasonable certainty, determine the amount of those expenses." *Volusia Cty.*, 179 So. 3d at 452. Without any testimony regarding the frequency or specific type of treatments beyond routine follow-up visits, the jury had no basis for reaching the dollar amount that it did. *See DeAlmeida v. Graham*, 524 So. 2d 666, 668 (Fla. 4th DCA 1987), *review denied*, *Reid v. Graham*, 519 So. 2d 988 (Fla. 1987) (holding that past medical expenses alone do not provide a reasonable basis for jury to draw inferences from to compute the cost of future medical care).

While there was evidence that Ms. Harmon would probably need future care, specifically routine follow-up office visits, we find that there was no competent substantial evidence to support an award of $100,000 for future medical expenses. Accordingly, we reverse that portion of the final judgment and remand for the trial court either to grant State Farm's motion for remittitur or to conduct a new trial limited to a determination of future medical expenses.

We reverse the cost judgment entered below based upon the specific stipulation of the parties that the cost judgment should be reversed unless the judgment was affirmed in its entirety. Accordingly, the trial court may entertain argument and evidence, if necessary, to reconsider the judgment taxing costs.

AFFIRMED IN PART, REVERSED IN PART, REMANDED WITH INSTRUCTIONS. COST JUDGMENT REVERSED.

SAWAYA, ORFINGER, and EDWARDS, JJ., concur.