IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

EDITH NIEVES AND FREDDY MATOS,
INDIVIDUALLY AND AS HUSBAND AND WIFE,

      Appellants,

 v.                                      Case No. 5D17-893

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Appellee.

_____/

Opinion filed May 25, 2018

Appeal from the Circuit Court
for Orange County,
John Marshall Kest, Judge.

R. Barry Morgan, of Morgan Law Office, P.A.,
Orlando, for Appellants.

DeeAnn J. Petika McLemore and Charles W.
Hall, of Banker Lopez Gassler P.A., St.
Petersburg, for Appellee.


PER CURIAM.

      Edith Nieves and Freddy Matos, individually and as husband and wife (collectively

"Appellants"), appeal the order setting new trial for all damages following State Farm

Mutual Automobile Insurance Company's ("State Farm") rejection of the remittitur for

future medical expenses. Appellants argue the lower court erred by granting new trial for

all damages because it had only granted remittitur for future medical expenses. We agree. Accordingly, we quash the order for new trial on all damages and remand for a new trial solely on future medical expenses.

Appellants sued State Farm to recover for injuries Edith Nieves sustained in an automobile accident with an uninsured motorist. After trial, the jury returned a verdict finding the uninsured motorist 100% at fault and awarded $1,012,665.60 in damages. Pursuant to the special verdict form, the jury allocated the damages as follows: $26,996.04 for past medical damages, $377,944.56 for future medical damages, $27,375.00 for past non-economic damages, $383,250.00 for future non-economic damages, $13,140.00 for past lost consortium, and $183,960.00 for future lost consortium.

State Farm moved for remittitur, challenging all damages the jury awarded. The trial court denied the remittitur for all damages, except for future medical damages. The trial court found that "not all of the future medical expenses that Plaintiff was awarded were testified to with sufficient certainty" and granted remittitur for future medical expenses only. The order expressly stated, "This remittitur does not affect the non-economic damages or the damages awarded from Plaintiff Matos' consortium claim; those awards remain undisturbed."[1]

Subsequently, State Farm rejected the remittitur and, pursuant to section 768.043, Florida Statutes, the trial court ordered a new trial. However, the lower court included all damages in its order for new trial, stating, "The statute makes clear that the court has no

----

[1] Post-trial, the parties stipulated to a PIP set-off for past medical expenses. The trial court honored the set-off, thereby reducing this measure of damages without any additional review.

discretion in this matter, and as such, the court must order a new trial as to damages only."

Section 768.043(1), Florida Statutes (2017), provides, in pertinent part:

> In any action for the recovery of damages based on personal injury . . . arising out of the operation of a motor vehicle, . . . wherein the trier of fact determines that liability exists on the part of the defendant and a verdict is rendered which awards money damages to the plaintiff, it shall be the responsibility of the court, upon proper motion, to review the amount of such award to determine if such amount is clearly excessive or inadequate in light of the facts and circumstances which were presented to the trier of fact. If the court finds that the amount awarded is clearly excessive or inadequate, it shall order a remittitur or additur, as the case may be. If the party adversely affected by such remittitur or additur does not agree, the court shall order a new trial in the cause on the issue of damages only.

"[O]nly when the parties agree with the trial court's amount of remittitur or additur will the remittitur or additur be enforced in lieu of a new trial." Waste Mgmt., Inc. v. Mora, 940 So. 2d 1105, 1109 (Fla. 2006). When the parties do not agree, "it is appropriate for the trial court to limit retrial" to one type of damages when "special verdict forms . . . reflect that the jurors' error occurred in that area of recovery alone." ITT Hartford Ins. of the Se. v. Owens, 816 So. 2d 572, 577-78 (Fla. 2002); see Astigarraga v. Green, 712 So. 2d 1183, 1184 (Fla. 2d DCA 1998) ("Because the remaining damages were supported by the evidence, they are not subject to remittitur."). Moreover, "to require a new trial as to all damage elements, including those which the record reflects are not in dispute, [results] in a needless waste of time and resources for both the litigants and the trial judge." ITT Hartford, 816 So. 2d at 579. Hence, when remittitur is granted solely for one type of

3

damages, and then that remittitur is rejected, the subsequent new trial should be limited to the damages subject to the award of remittitur.

Therefore, a new trial limited to future medical damages was required "[b]ecause the remaining damages were supported by the evidence, [and] they [were] not subject to remittitur." Astigarraga, 712 So. 2d at 1184; see ITT Hartford, 816 So. 2d at 579.[2] Accordingly, we quash the order for new trial on all damages and remand for a new trial solely on future medical expenses.

QUASHED and REMANDED with INSTRUCTIONS.


TORPY, WALLIS and EDWARDS, JJ., concur.

---

[2] Moreover, it is common for our court and our sister courts to limit a new trial to one item of damages in the event one of the parties rejects an additur or remittitur. See State Farm Mut. Auto. Ins. v. Harmon, 237 So. 3d 423, 424 (Fla. 5th DCA 2018); Vickers v. Thomas, 237 So. 3d 412, 413 (Fla. 5th DCA 2017), reh'g denied (Jan. 17, 2018); Rasinski v. McCoy, 227 So. 3d 201, 204 (Fla. 5th DCA 2017); State Farm Mut. Auto. Ins. v. Brewer, 191 So. 3d 508, 512 (Fla. 2d DCA 2016); Olen Props. Corp. v. Cancel, 178 So. 3d 437, 437 (Fla. 4th DCA 2015).