# SIXTH DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

Case No. 6D23-2615
Lower Tribunal No. 2020-CA-009530-O

_____

KINGS REYES TRANSPORT, INC. and RIGOBERTO REYES,

Appellants,

v.

ABDULLAH BAKER,

Appellee.

_____

Appeal from the Circuit Court for Orange County.
Denise Kim Beamer, Judge.

June 21, 2024

PER CURIAM.

AFFIRMED.

TRAVER, C.J., concurs and concurs specially, with opinion
GANNAM, J., concurs.
LAMBERT, B.D., Associate Judge, dissents, without opinion.

_____

NOT FINAL UNTIL TIME EXPIRES TO FILE MOTION FOR REHEARING
AND DISPOSITION THEREOF IF TIMELY FILED

_____

TRAVER, C.J., concurring specially.

I agree we should affirm the judgment on appeal but write to explain my vote. Of note, we review the trial court's decision to deny Appellants' eve-of-trial motion to continue and its order striking Appellants' causation experts based on failure to comply with the pretrial order. We review both decisions for an abuse of discretion, and based on our record, I cannot conclude that the trial court erred.

I am concerned, however, with the conduct of Appellee's counsel. Jeffrey Byrd represented Appellee both below and on appeal. In this automobile negligence case, Appellants issued a request to inspect Appellee's car. Appellee sold his car twenty days later. Ten days after that, Byrd objected to the inspection request and notified Appellants that Appellee no longer possessed the car. At oral argument, Byrd could not tell this Court whether he directed his client not to sell his car or even notified his client of Appellants' discovery request.

The sale caused Appellants to lose time and incur expense to locate the car and inspect it. Appellants insist that this lost time affected their ability to disclose their experts in compliance with the pretrial order, which ultimately led to the trial court's striking their causation experts. Then at trial, having procured the exclusion of Appellants' causation experts, Byrd improperly called the jury's attention to the missing evidence in his opening statement and closing argument.

2

I do not agree with Appellants that Byrd's conduct required the trial court to grant a continuance. Nor do I believe that the trial court erred when it factored two years of Appellants' dilatory litigation practices into its discretionary decisions challenged on appeal. But Byrd should not view our ruling as approving his behavior throughout the case, nor should he rely on our conclusion that the trial court did not err to guide his future behavior.[1]

_____

Donna M. Krusbe, of Wilson, Elser, Moskowitz, Edelman & Dicker LLP, West Palm Beach, for Appellants.

Jeffrey M. Byrd, of Jeffrey M. Byrd, P.A., Orlando, for Appellee.

_____

[1] Judicial criticism of Byrd's professional conduct accumulates. *See, e.g.*, *Rhoades v. Rodriguez*, 359 So. 3d 359, 362 (Fla. 5th DCA 2023) ("Our review of the record reflects that both [Defendant's counsel] and Plaintiff's counsel, Jeffrey Byrd, had significant roles in causing the mistrial." (footnote omitted)); *Beekie v. Morgan*, 751 So. 2d 694, 695–96 (Fla. 5th DCA 2000) ("One could characterize the behavior of [trial] counsel in this case as 'Beavis–and–Butthead' like, or to put it in milder terms, uncivilized." (footnote omitted)); *Vickers v. Thomas*, 237 So. 3d 412, 414–15 (Fla. 5th DCA 2017) ("[W]e feel compelled, as we have in the past, to comment upon the closing arguments made by [the appellee's] counsel, Jeffrey Byrd. . . . [C]ounsel's closing arguments have gathered the attention of this Court and if they continue, should gather the attention of trial courts as well. We caution that the use of such improper comments, and the effect on a litigant's right to a fair trial, will lead to a new trial in the appropriate case." (footnote omitted)); *Rasinski v. McCoy*, 227 So. 3d 201, 202 n.1 (Fla. 5th DCA 2017) ("We emphasize that our affirmance on this issue should not be interpreted as condoning plaintiff's counsel's conduct in his closing argument.").