704 So.2d 1104 (1997)
EAGLE ATLANTIC CORPORATION, d/b/a Eagle Marine Services and Boat Rental, Appellant/Cross-Appellee,
v.
Linda MAGLIO, f/k/a Linda Maglio Thaw, Appellee/Cross-Appellant.
Nos. 96-3020, 96-3161.
District Court of Appeal of Florida, Fourth District.
December 31, 1997.
William B. Milliken of Hayden and Milliken, P.A., Miami, for appellant/cross-appellee.
Joel S. Perwin of Podhurst, Orseck, Josefsberg, Eaton, Meadow, Olin & Perwin, P.A., Miami, and Sheldon J. Schlesinger, P.A., Fort Lauderdale, for appellee/cross-appellant.
GUNTHER, Judge.
Eagle Atlantic Corporation ("Eagle Atlantic") appeals and Linda Maglio ("Maglio") cross-appeals from the final judgment in this negligence action. We reverse the past and future economic damages awarded to Maglio. We do, however, affirm all other issues raised in the appeal and cross-appeal without further discussion.
Maglio brought suit against Eagle Atlantic and others for injuries she sustained from a boating accident. At trial, she presented evidence of past medical bills totalling approximately $89,000. She also presented evidence that she was earning approximately $500 per week at the time of the accident and *1105 that she was able to resume her employment a little more than two months after the accident. The verdict form provided for a total amount of past damages, which combined past medical expenses with lost earnings. For these damages, the jury awarded Maglio $214,000. The trial court subsequently denied Eagle Atlantic's motion for remittitur.
Based on the evidence presented at trial, we find that the trial court abused its discretion in denying the motion for remittitur. Since it was uncontested that Maglio incurred approximately $89,000 in past medical expenses, it appears that she was awarded $125,000 in lost earnings during the four and one-half years between the injury and the trial. However, the evidence at trial only provided that Maglio was earning approximately $500 per week at the time of the accident and that she returned to work approximately eight weeks after the accident. At the most, this evidence shows that she was entitled to lost earnings for the time she was out of work. There is no other evidence that she was otherwise unemployed for the four and one-half years between the accident and the trial. Given this lack of evidentiary support, there is no basis to support the jury's award of $214,000 for past medical expenses and lost earnings. See Ludwig v. Ladner, 637 So.2d 308, 309 (Fla. 2d DCA 1994) (finding that the past lost earnings were contrary to the manifest weight of the evidence).
In addition, the verdict form provided for a total amount of future damages, which combined future medical expenses with loss of future earning capacity. The jury awarded Maglio $423,960 in total future damages and the trial court denied Eagle Atlantic's motion for remittitur.
Again we find that the trial court abused its discretion in denying the motion for remittitur. Given that the verdict form combines future medical expenses with loss of future earning capacity, it is impossible to tell what portion of this award was attributable to each item of future damages. However, both parties agree that the maximum amount of future medical expenses the evidence supported was $137,270. Thus, even if we assume that the jury awarded the maximum amount in future medical expenses, Maglio was awarded $286,690 for her loss of future capacity.
The purpose in awarding damages for loss of any future earning capacity is to compensate a plaintiff for loss of capacity to earn income as opposed to actual loss of future earnings. See W.R. Grace & Company-Conn. v. Pyke, 661 So.2d 1301, 1302 (Fla. 3d DCA 1995). In order to be awarded damages for loss of future earning capacity, a plaintiff must demonstrate a reasonable certainty of injury and "present evidence which will allow a jury to reasonably calculate lost earning capacity." Id. Here, Maglio has failed to present any evidence upon which a jury would be able to reasonably calculate lost earning capacity. While there was evidence she was currently employed as a judicial assistant, there was no evidence as to how much money she made. Further, there was no testimony concerning the employment market for a person of her age and educational background. Because of the lack of evidentiary support, there is no basis for the jury's award of future damages. See id.
In sum, we reverse the jury's award for past and future economic damages and remand for remittitur or, in the alternative, a new trial. In the event of a new trial on past and future economic damages, we instruct the trial court to have the verdict form provide for the separate itemization of medical expenses, lost earnings, future medical expenses, and future loss of earning capacity.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
SHAHOOD, J., and RAMIREZ, JUAN, Jr., Associate Judge, concur.