831 So.2d 1227 (2002)
Sandys Rome BENJAMIN and Robin Benjamin, his wife, Appellants,
v.
David M. DIEL, Appellee.
No. 4D01-4005.
District Court of Appeal of Florida, Fourth District.
December 11, 2002.
Jeff Tomberg of Jeff Tomberg, J.D., P.A., Boynton Beach, for appellants.
James K. Clark of Clark, Robb, Mason & Coulombe, Miami, for appellee.
*1228 WARNER, J.
Appellants challenge the final judgment entered in their personal injury action, awarding them past lost wages and medical expenses but not future lost wages, after the jury concluded that appellants did not sustain any permanent injury. They assert three issues: (1) whether defense counsel's disparagement of appellant as untruthful was so prejudicial as to warrant a new trial; (2) whether the court should have instructed the jury on aggravation of a pre-existing defect; and (3) whether the court erred in directing a verdict on appellant's future lost wages claim. We affirm on all issues, holding that the defense counsel's statements regarding appellant's inconsistencies and omissions in his medical history were supported by the record and not improper; that the court did not err in failing to instruct on aggravation of a pre-existing defect when the evidence did not support it; and that appellant's future lost wages were not established with reasonable certainty.
Appellant Sandys Rome Benjamin received injuries to his head, arm, chest, and legs in an automobile accident caused by defendant Diel. Four days after the accident he complained of ankle and knee pain to Dr. Wexler, an orthopedic surgeon. Tests revealed that appellant's right ankle was broken, and his right knee had a torn meniscus and anterior cruciate ligament ("ACL"), although subsequent surgery found the ACL to be intact. Two doctors performed four operations on his ankle and knee and testified that appellant suffered a permanent injury as a result of the accident.
In defense, appellee attacked appellant's credibility and his failure to admit his significant prior medical history both to his own doctors and during discovery. Appellant's records revealed he had received extensive medical care for his right knee. In fact, within five years before the accident a doctor recommended surgery on the knee. Based upon this medical history, appellee's medical expert opined the accident did not cause a permanent injury either to plaintiff's knee or ankle. The jury agreed with the defense's theory in its verdict by not awarding appellant the full amount of his past lost earnings or any non-economic damages.
Appellant argues the trial court should have granted a new trial because the defense was permitted to call him a liar throughout the proceedings without establishing that he had, in fact, lied. Generally, a mistrial or new trial should be granted only when counsel's arguments are so inflammatory and prejudicial that they deny the opposing party a fair trial. See Tosta v. State, 786 So.2d 21, 23 (Fla. 4th DCA 2001); Jeep Corp. v. Walker, 528 So.2d 1203, 1204 (Fla. 4th DCA 1988). Appellant's argument lacks merit because, not only did the defense never call him a liar, the attacks on his credibility were supported by the evidence and the inferences drawn therefrom. Even if counsel had directly called appellant a liar, he was simply "submitting to the jury a conclusion that reasonably may be drawn from the evidence." Murphy v. Int'l Robotic Sys., Inc., 766 So.2d 1010, 1029 (Fla.2000). Although appellant maintains he explained most of his inconsistencies, the jury did not have to accept his explanations, and defense counsel could highlight appellant's discrepancies as credibility issues for the jury.
While appellant requested the trial court to give the standard jury instruction for aggravation of a pre-existing condition, it refused because there was no evidence that the accident aggravated a pre-existing injury. The plaintiff requested the same instruction under a similar situation in *1229 Llompart v. Lavecchia, 374 So.2d 77 (Fla. 3d DCA 1979). In that case, Llompart sued for injuries he claimed were sustained in an automobile accident and presented expert evidence to support that theory. See id. at 80. The defense countered with experts testifying that Llompart's injuries were preexisting and not caused by the accident. See id. In holding that it was not error to deny a requested instruction on aggravation of preexisting condition, the third district noted the complete absence of any testimony that the accident aggravated the pre-existing condition. See id.
Similarly, appellant argued at trial that the accident was the sole cause of his knee injuries, and appellee countered with expert testimony that appellant's knee injuries were pre-existing and not caused by the accident. Because there was no evidence that the accident aggravated pre-existing injuries, the trial court did not abuse its discretion in refusing to give the requested instruction. See Barton Protective Servs., Inc. v. Faber, 745 So.2d 968, 974 (Fla. 4th DCA 1999).
Appellant's final argument challenges the court's direction of a verdict as to appellant's future lost wages claim. In Auto-Owners Insurance Co. v. Tompkins, 651 So.2d 89, 91 (Fla.1995), the supreme court set the standard by which future economic damages are measured: "the appropriate test is to permit the recovery of future economic damages when such damages are established with reasonable certainty. Although a permanent injury is not a prerequisite to recovering future economic damages, it is a significant factor in establishing the reasonable certainty of the future damages." See also Owen v. Morrisey, 793 So.2d 1018, 1022 (Fla. 4th DCA 2001) (discussing how Tompkins should be applied), rev. granted, 817 So.2d 848 (Fla. 2002). Lost earning capacity, one measure of future economic damages, "compensate[s] a plaintiff for loss of capacity to earn income as opposed to actual loss of future earnings. A plaintiff must ... present evidence which will allow a jury to reasonably calculate lost earning capacity." W.R. Grace & Co.-Conn. v. Pyke, 661 So.2d 1301, 1302 (Fla. 3d DCA 1995); accord Eagle Atl. Corp. v. Maglio, 704 So.2d 1104, 1105 (Fla. 4th DCA 1997).
Although appellant presented evidence of his past wages as a limousine driver and testified that he would be unable to drive a limousine in the future, he did not present any evidence of his post-accident earning capacity or evidence that he was completely disabled from further gainful employment. Therefore, there was no evidence from which a jury could reasonably calculate lost earning capacity. See Eagle Atl. Corp., 704 So.2d at 1105. While appellant cites Hamilton v. Melbourne Sand Transport, Inc., 687 So.2d 27, 28-29 (Fla. 5th DCA 1997), for support, that case is distinguishable where Hamilton had offered evidence of what he was earning and would continue to earn after the accident from which the jury was able to determine his lost earning capacity. No such testimony was present in this case.
We affirm without discussing the issue raised on cross-appeal.
For the foregoing reasons, we affirm the judgment of the trial court.
STEVENSON and TAYLOR, JJ., concur.