954 So.2d 1284 (2007)
Daniel TRUELOVE, John Truelove, and Norman Truelove, d/b/a Truelove Farms, and Randy L. Vester, Appellants,
v.
Stephen BLOUNT and Phyllis Blount, husband and wife, Appellees.
No. 2D05-5611.
District Court of Appeal of Florida, Second District.
May 9, 2007.
*1285 Susan S. Oosting and Michael Fox Orr of Marshall, Dennehey, Warner, Coleman & Goggin, Jacksonville, for Appellants.
Lon Worth Crow IV of Lon Worth Crow IV, Sebring, for Appellees.
*1286 CANADY, Judge.
The defendants in a personal injury action, Daniel Truelove, John Truelove, and Norman Trueloveall doing business as Truelove Farmsand Randy L. Vester, appeal a judgment based on a jury verdict and award of damages entered in favor of the plaintiffs, Stephen and Phyllis Blount. We affirm the award of damages relating to Mr. Blount's front-end loader without comment. We reverse the jury's award of future damages and remand for further proceedings.

I. Background

Stephen Blount was driving a truck towing a front-end loader when he was involved in an accident with another truck belonging to Truelove Farms and driven by Mr. Vester, an employee of Truelove Farms. As a result of the accident, Mr. Blount suffered debilitating physical injury to his neck and upper back and sought treatment from a chiropractor, an orthopedic surgeon, and a neurologist. Mr. Blount's front-end loader, which he used for his tree business, was damaged as a result of the accident.
The Blounts filed a personal injury action against the appellants based on negligence, seeking damages for bodily injury and property damage. The case proceeded to trial, and the jury found that Mr. Vester was 100% negligent and that his negligence caused Mr. Blount's losses and injuries. The jury awarded damages to the Blounts in the amount of $407,873. That amount included $220,000 for "the amount of any future damages for medical expenses and lost earning ability to be sustained in future years." The jury found that nineteen years was "the number of years over which those future damages are intended to provide compensation." The verdict also included $70,000 for damages to the front-end loader.
The appellants filed a motion for remittitur pursuant to section 768.043, Florida Statutes (2003), asking the trial court "for a remittitur of the award for future medical expenses and future lost earnings to zero and to remit the award for cost of repair to the [l]oader to zero."
The trial court granted the motion for remittitur as to the damage to the front-end loader, finding that "[t]he total loss suffered by the plaintiff for the loader and its repair is $35,000.00." The trial court denied the motion as to all other awards, finding that "[t]here is sufficient evidence in the record to support all other awards made by the jury."

II. Argument on Appeal

The appellants argue that the trial court erred in denying their motion for remittitur as to the $220,000 in future damages (for both medical expenses and lost future earnings) awarded by the jury. The appellants assert that the evidence did not support the award. The appellants contend (1) that Mr. Blount's chiropractor, Dr. Waldron, testified that Mr. Blount could perform hard labor, (2) that Mrs. Blount testified that her husband was working as hard as he had before the accident, and (3) that the Blounts' income tax returns showed that the Blounts' income and profit improved substantially after the accident.
The appellants aver that because the evidence does not indicate that Mr. Blount has lost future earning ability, the entire $220,000 must be supported by evidence of future medical expenses. The appellants claim that the evidence only supports an award for future medical treatment of $9690. The appellants base that amount on six chiropractic visits a year at $85 per visit, equaling $510 per year for nineteen years.
The Blounts claim that there was sufficient evidence before the jury to support the finding that Mr. Blount had a diminished *1287 ability to earn money in the future. The Blounts assert the jury could have determined, based on Mr. Blount's 2001 tax return, that his diminished earning capacity was $151,905 ($7995 cost of hired labor per year for nineteen years). The Blounts also contend that the jury could have awarded $45,030 for future medical treatment. This amount was based on Mr. Blount's being treated six times a year at $395 per treatment for nineteen years. The Blounts claim that the trial court did not abuse its discretion in denying the appellants' motion for remittitur on these damages.

III. Analysis

When a jury award of damages is clearly excessive or inadequate in actions arising out of the operation of motor vehicles, the trial court shall, upon proper motion, order a remittitur or additur of the jury's award. § 768.043(1). In considering whether the award is clearly excessive or inadequate, the trial court shall consider:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact.
(b) Whether it clearly appears that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the amounts of damages recoverable.
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation or conjecture.
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered.
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
§ 768.043(2)(a)-(e). "A trial court's ruling on a motion for remittitur is reviewed under an abuse of discretion standard." McCarthy Bros. Co. v. Tilbury Constr., Inc., 849 So.2d 7, 9 (Fla. 1st DCA 2003). "A court cannot allow a jury to award a greater amount of damages than what is reasonably supported by the evidence at trial." Id.
Here, the trial court awarded $220,000 in future damages, including "the amount of any future damages for medical expenses and lost earning ability to be sustained in the future." "Given that the verdict form combines future medical expenses with loss of future earning capacity, it is impossible to tell what portion of this award was attributable to each item of future damages." Eagle Atl. Corp. v. Maglio, 704 So.2d 1104, 1105 (Fla. 4th DCA 1997).
In a personal injury action in which the plaintiff seeks damages for future medical expenses, "only medical expenses which are reasonably certain to be incurred in the future are recoverable." Loftin v. Wilson, 67 So.2d 185, 188 (Fla. 1953). There must be "evidence in the record from which the jury could, with reasonable certainty, determine the amount of medical expense [the plaintiff] would be likely to incur in the future." DeAlmeida v. Graham, 524 So.2d 666, 668 (Fla. 4th DCA 1987); see also Walt Disney World Co. v. Blalock, 640 So.2d 1156, 1159 (Fla. 5th DCA 1994) ("As stated in Loftin v. Wilson, 67 So.2d 185 (Fla.1953), only medical expenses which are reasonably certain to be incurred in the future are recoverable. There must also be an evidentiary basis upon which the jury can, with reasonable certainty, determine the amount of those expenses.").
Dr. Waldron testified that Mr. Blount sought treatment with him immediately after the accident in 2000. Mr. Blount visited Dr. Waldron again in 2003 after not *1288 visiting him for three years. Dr. Waldron testified that Mr. Blount "returned with some of the same complaints and some of the same chronic symptoms he had been having" after the accident. In August 2003, Dr. Waldron treated Mr. Blount six times for a total cost of $395. Dr. Waldron testified that it would not be uncommon for Mr. Blount to go a month or two without treatment and then return to him with a flare-up. Dr. Waldron also stated that within a reasonable degree of medical probability, Mr. Blount would continue to need periodic treatment in the future.
Based on the above evidence, it would have been reasonable for a jury to conclude that Mr. Blount could have a flare-up every other month and that each flare-up would require six visits, costing $395. If Mr. Blount had six flare-ups a year, Mr. Blount's expenses would be $2370. For nineteen years, his medical expenses would be approximately $45,030. While the evidence shows that this is the amount that might be incurred by Mr. Blount for future medical expenses, there is no evidence showing that he is reasonably certain to incur these expenses. Dr. Waldron did not testify "with reasonable certainty," DeAlmeida, 524 So.2d at 668, as to how often Mr. Blount would need treatment in the future, and the orthopedic surgeon and neurologist offered no testimony regarding Mr. Blount's need for future treatment.
We next consider whether the evidence of lost earning capacity supports the jury's award for future damages. "Florida law does not recognize a claim for future loss of earnings" but does recognize a claim for "damages for loss of earning capacity." W.R. Grace & Co.-Conn. v. Pyke, 661 So.2d 1301, 1303-04 (Fla. 3d DCA 1995). "The purpose of a jury's award of damages for loss of any future earning capacity is to compensate a plaintiff for loss of capacity to earn income as opposed to actual loss of future earnings." Id. at 1302. "[T]he appropriate test is to permit the recovery of future economic damages when such damages are established with reasonable certainty." Auto-Owners Ins. Co. v. Tompkins, 651 So.2d 89, 91 (Fla.1995). "A plaintiff must demonstrate not only reasonable certainty of injury, but must present evidence which will allow a jury to reasonably calculate lost earning capacity." W.R. Grace & Co.-Conn., 661 So.2d at 1302; see also Allstate Ins. Co. v. Shilling, 374 So.2d 611, 613 (Fla. 4th DCA 1979) (holding that evidence of "some degree of permanent injury is sufficient" but that there also must exist "some basis upon which the jury can reasonably assess damages").
When a plaintiff is earning as much as or more than he was earning prior to the injury, it is more difficult for him to show that he suffered an economic loss. W.R. Grace & Co.-Conn., 661 So.2d at 1303; Long v. Publix Super Markets, Inc., 458 So.2d 393, 394 (Fla. 1st DCA 1984). However, if the injured party is earning more after the injury, he is not precluded from recovering damages for loss of future earning capacity. Hatfield v. Wells Bros., Inc., 378 So.2d 33, 34 (Fla. 2d DCA 1979); Shilling, 374 So.2d at 613. "Such facts are merely evidence to be weighed by the jury in determining whether or not the injured party's earning capacity has been impaired." Shilling, 374 So.2d at 613.
Despite the appellants' assertions, there was some evidence of Mr. Blount's diminished earning capacity due to the injury. Mr. Blount's occupation requires him to be able to participate in physical labor. Mr. Blount testified:
I love working outside. And I mean, I could lift anything. In my shop I could lift engine blocks, or anything. I didn't need cherry pickers, stuff like that. . . . *1289 And I can't do that stuff anymore. When I do, I pay for it.
And like my trees, when I first got in digging my cabbage trees or my palm trees there, I did my own trimming with chain saws, and all this. I can't do that anymore. I have to hire it all done. I'm [sic] just can't do anything above chest high or my shoulder just kills me.
Mr. Blount testified that he has modified his life and his work style due to his injury. Dr. Waldron testified that Mr. Blount's injury limits his physical ability by ten percent. Dr. Waldron also testified that "Mr. Blount may be able to get up and continue life on . . . a day to day basis and do his job, but it may be with limitations. The research indicates that it is more likely that he will accelerate as far as degeneration goes." Dr. Waldron testified that Mr. Blount's functions will not be as good as they once were. Therefore, there is sufficient evidence from which a jury could conclude with reasonable certainty that Mr. Blount has suffered and is suffering permanent injury.
However, there is no basis upon which the jury can reasonably assess future economic damages due to this permanent injury. At the beginning of trial, both parties stipulated to the introduction of several exhibits into evidence. One of these exhibits, plaintiff's exhibit # 1a 2001 tax return, indicates that Mr. Blount paid $7995 for hired labor in 2001, after his accident. If this is labor that Mr. Blount could have performed but for the accident, this is money that Mr. Blount would have had the ability to earn as income if there had been no accident. But there is no evidenceother than Mr. Blount's general statement above that he had to hire people to do his jobthat this amount was paid to employees solely due to Mr. Blount's inability to perform the work himself or that Mr. Blount was reasonably certain to spend this amount on hired labor every year in the future. In addition, even if there was evidence that Mr. Blount was reasonably certain to spend this amount every year, the total amount for nineteen years would only be $151,905. While it was reasonable to conclude that Mr. Blount might suffer a loss of earning capacity based on his injury, there was no basis on which the jury could assess or calculate damages that are reasonably certain to occur.
In sum, the evidence shows that Mr. Blount might incur $45,030 for medical expenses in the future and that Mr. Blount might have suffered $151,905 in damages for loss of earning capacity. This amounts to $196,935 in damages that might occur. This is insufficient to support the jury's award of $220,000 in future damages. Under section 768.043, the trial court should have granted the motion for remittitur. In the absence of supporting evidence, it appears that the "trier of fact . . . arrived at the amount of damages by speculation or conjecture." § 768.043(2)(c). In addition, the amount awarded does not "bear[] a reasonable relation to the amount of damages proved and the injury suffered." § 768.043(2)(d). And the amount awarded is not "supported by the evidence and is [not] such that it could be adduced in a logical manner by reasonable persons." § 768.043(2)(e).

IV. Conclusion

In considering the relevant criteria of section 768.043(2) and the evidence presented at trial, we conclude that the trial court abused its discretion in denying the appellants' motion for remittitur. We therefore reverse the order on appeal and remand for further proceedings on the issue of future damages. See § 768.043(1) ("If the party adversely affected by such remittitur . . . does not agree, the court shall order a new trial in the cause on the *1290 issue of damages only."); Tompkins, 651 So.2d at 91 (reversing and remanding for new trial on the issue of future economic damages only); Eagle Atl. Corp., 704 So.2d at 1105 (reversing and remanding for remittitur or, in the alternative, a new trial on the issues of past and future economic damages). In the event that a new trial on the issue of future damages is held, the trial court should use a verdict form that provides for separate itemization of awards for future medical expenses and future loss of earning capacity. See Eagle Atl. Corp., 704 So.2d at 1105.
Affirmed in part, reversed in part, and remanded.
FULMER, C.J., and WALLACE, J., Concur.