963 So.2d 825 (2007)
MIAMI-DADE COUNTY, Appellant,
v.
Denis CARDOSO, Appellee.
No. 3D06-2118.
District Court of Appeal of Florida, Third District.
August 8, 2007.
*826 R.A. Cuevas, Jr., Acting Miami-Dade County Attorney, and Eric K. Gressman, Assistant County Attorney, for appellant.
Michael Garcia Petit, for appellee.
Before WELLS, CORTIÑAS, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant, Miami-Dade County ("County"), appeals a final judgment entered in favor of the plaintiff, Denis Cardoso ("Cardoso"), pursuant to a jury verdict awarding Cardoso a total of $73,000.00 in damages for eight false arrest and/or imprisonment claims. We affirm the damages awarded to Cardoso for past economic and non-economic damages but reverse the award for future economic damages.
Cardoso was a licensed flower peddler who sold flowers from a trailer, which he pulled behind his van. Between December 25, 1996 and June 27, 1999, Cardoso was arrested numerous times by various County police officers. In some cases, Cardoso was taken to jail and held briefly. However, most arrests did not result in incarcerations, as Cardoso was simply given "promises to appear" and released on the scene. Cardoso initially filed a complaint against the County alleging eighteen counts of false arrest and/or false imprisonment, one count of negligent training and supervision, and one count based upon 42 U.S.C. § 1983 liability. After the County removed the case to federal court, where summary judgment was awarded to the County on the section 1983 count, the case was remanded to state court for a trial on the remaining claims.
*827 The jury found that Cardoso was legally arrested in ten of the eighteen claims of false arrest he brought against the County, returned verdicts in favor of Cardoso on the remaining claims of false arrest, and awarded Cardoso a total of $77,599.84, which included $55,599.84 for the negligent supervision and training claim and $22,000.00 for the eight claims for false arrest and/or imprisonment. The County appealed, asserting, in pertinent part, that the impact rule precluded a jury award for the claim of negligent training and supervision because Cardoso had no physical injuries. This court agreed and vacated the damages awarded on the negligence claim. Because this court was concerned that the award on the negligence claim may have affected the awards on the remaining eight counts of false arrest and/or imprisonment, we remanded for a new trial on damages relating to the remaining eight tort claims. Miami-Dade County v. Cardoso, 922 So.2d 301, 302 (Fla. 3d DCA 2006).
The trial on damages resulted in a jury award of damages in the amount of $73,000.00. Specifically, the jury awarded Cardoso non-economic damages of $50,000.00 for pain and suffering for the two nights he spent in the County jail; $3,000.00 for pain and suffering for the six arrests where Cardoso was given promises to appear and which did not result in any incarceration; $10,000.00 for past economic damages; and $10,000.00 for future economic damages. The County's Motion for Judgment Notwithstanding the Verdict, Motion for New Trial, and Amended Motion for New Trial, were subsequently denied by the trial court.
In this appeal, the County argues that: (1) the non-economic damages are excessive, speculative, and barred by the impact rule; (2) the $10,000.00 award for past economic damages is unreasonable because it is unsupported by competent, substantial evidence; and (3) the $10,000.00 award for future economic damages was unsupported by competent, substantial evidence. As we are unpersuaded by the County's arguments regarding the past economic and non-economic damages, we affirm those awards and only address the future economic damages awarded by the jury.
The Florida Supreme Court articulated the standard by which future economic damages are measured in Auto-Owners Insurance Co. v. Tompkins, 651 So.2d 89 (Fla.1995), stating that "the appropriate test is to permit the recovery of future economic damages when such damages are established with reasonable certainty. Although a permanent injury is not a prerequisite to recovering future economic damages, it is a significant factor in establishing the reasonable certainty of the future damages." Id. at 91 (emphasis added). The purpose of a jury's award of future economic damages is to compensate a plaintiff for the loss of capacity to earn income as opposed to actual loss of future earnings. W.R. Grace & Co. v. Pyke, 661 So.2d 1301, 1302 (Fla. 3d DCA 1995)(citing Renuart Lumber Yards, Inc. v. Levine, 49 So.2d 97 (Fla.1950)); see also Truelove v. Blount, 954 So.2d 1284, 1288 (Fla. 2d DCA 2007)(quoting Pyke, 661 So.2d at 1303-04)("`Florida law does not recognize a claim for future loss of earnings,' but does recognize a claim for `damages for loss of earning capacity.'"); Allstate Ins. Co. v. Shilling, 374 So.2d 611, 612-13 (Fla. 4th DCA 1979)(holding than an award for loss of earning capacity is measured by the plaintiff's diminished ability to earn money in the future); Atl. Coast Line R.R. v. Ganey, 125 So.2d 576, 579 (Fla. 3d DCA 1960); Fla. Greyhound Lines, Inc. v. Jones, 60 So.2d 396, 398 (Fla.1952) (holding that the jury is not to be concerned *828 with the actual future loss of earnings, but with the loss of the power to earn).
Before a plaintiff may be entitled to an award for loss of earning capacity, he or she must present sufficient evidence "which will allow a jury to reasonably calculate lost earning capacity." Pyke, 661 So.2d at 1302. As this court explained in Pyke:
Once sufficient evidence is presented, the measure of damages is the loss of capacity to earn by virtue of any impairment found by the jury and the jury must base its decision on all relevant factors including the plaintiff's age, health, habits, occupation, surroundings, and earnings before and after the injury.
Id. at 1302.
Where a plaintiff is earning as much or more than he or she earned prior to the injury, as was Cardoso, it is more difficult for the plaintiff to prove that he or she has suffered a future economic loss. Truelove, 954 So.2d at 1288; Pyke, 661 So.2d at 1302. A plaintiff, however, is not precluded from recovering damages for loss of future earning capacity, even if he or she is earning more at the time of trial than when the injury occurred. Truelove, 954 So.2d at 1288; see also Long v. Publix Super Mkts., Inc., 458 So.2d 393, 394 (Fla. 1st DCA 1984)("The fact that plaintiff at the time of trial is earning as much or more than she did prior to the injury does not preclude her from asking the jury to consider loss of future earning capacity."). Such a fact is merely one of the factors for the jury to consider in determining whether the plaintiff's earning capacity has been impaired. Truelove, 954 So.2d at 1288.
A review of the record in this case establishes that there is no basis upon which the jury could have reasonably found an impairment of Cardoso's future earning capacity. Cardoso's testimony regarding his earnings as a flower vendor (1) were contradictory and unsubstantiated; (2) there was no evidence that his capacity to earn was diminished; and (3) at the time of trial, he was earning substantially more as a truck driver than he earned as a flower vendor.
Cardoso's past earnings as a flower vendor were contradictory and unsubstantiated. He testified under oath in his deposition that he earned $10,000.00 a year as a flower vendor. While he claimed that he had filed tax returns reflective of this amount, Cardoso did not produce them. When pressed on the subject during his deposition, Cardoso invoked his Fifth Amendment right against self-incrimination and refused to answer questions regarding his earnings. At trial, Cardoso completely changed his testimony and testified that he earned greater than the $10,000.00 that he had testified to under oath in his deposition. He was, however, unable to provide any documentation or otherwise substantiate his testimony regarding his past earnings as a flower vendor. As Cardoso's credibility was severely compromised and he could not substantiate his earnings, there was insufficient competent evidence to determine his actual past earnings. Based upon Cardoso's contradictory statements under oath; the invocation of his right not to incriminate himself under the Fifth Amendment during his deposition when asked about his earnings; and the lack of any evidence other than his contradictory statements, we conclude that there is insufficient competent evidence to determine with any degree of certainty what Cardoso's earnings were. Under these circumstances, at best, Cardoso's past earnings should have been limited to the $10,000.00 he swore to under oath and he allegedly declared were his earnings in his tax returns.
*829 Cardoso testified that his arrests and the humiliation he suffered rendered him unable to sell flowers in the future. Cardoso, however, did not present any evidence of his post-arrest earning capacity or any evidence that after his arrests, his earnings diminished. In fact, the evidence presented established that his earnings increased. At the time of trial, Cardoso was earning a salary of approximately $40,000.00 per year as a truck driver. Loss of capacity to work as a flower vendor is far different than the loss of the desire to work as a flower vendor. Cardoso clearly had the capacity to sell flowers but simply chose not to. Perhaps that decision was based, in part, on the fifty-two valid arrests. As we conclude that there was no substantial evidence from which a jury could calculate with reasonable certainty Cardoso's diminished ability to earn money in the future, we reverse the jury's award of future economic damages.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.