KELLY, Judge.
 

 The appellants, Roby Pruitt, Keith Brat-ton, and Bratton Land Care, Inc., defendants in a personal injury action, challenge a judgment based on a jury verdict and award of damages entered in favor of the appellee, Armando Perez-Gervert, the plaintiff. Although they have raised a number of issues challenging the jury’s verdict, we find merit only in their contention that the jury’s awards for future medical expenses and loss of future earning capacity were not supported by the evidence and therefore, the trial court should have granted their motion for a directed verdict as to future earning capacity and remittitur as to future medical expenses. We reverse the jury’s award of future damages and remand for further proceedings.
 

 Mr. Perez-Gervert received injuries to his neck and back in an automobile accident for which the appellants were found liable. He sought medical treatment after the accident and eventually underwent surgery on his back. The doctor performing the surgery testified that Mr. Perez-Gervert had suffered a permanent injury as a result of the accident and that he would continue to experience pain in his back that would require ongoing medical treatment in the future. In his testimony, he detailed the future medical expenses he believed Mr. Perez-Gervert would incur. Ultimately, the jury determined that Mr. Perez-Gervert was entitled to $163,088 in future medical expenses.
 

 The appellants filed a motion for remittitur challenging the jury’s award of future medical expenses, which the trial court denied. In this appeal, they contend the trial court should have granted the motion because Mr. Perez-Gervert did not establish these damages with reasonable certainty, and that even if he had, the amount awarded was not supported by the evidence. We review a trial court’s ruling on a motion for remittitur under an abuse of discretion standard.
 
 Truelove v. Blount,
 
 954 So.2d 1284, 1287 (Fla. 2d DCA 2007).
 

 Where a plaintiff seeks damages for future medical expenses, only medical expenses that are reasonably certain to be incurred in the future are recoverable.
 
 Loftin v. Wilson,
 
 67 So.2d 185, 188 (Fla. 1953);
 
 Truelove,
 
 954 So.2d at 1287. There must also be an evidentiary basis upon which the jury can, with reasonable certainty, determine the amount of those expenses.
 
 Loftin,
 
 67 So.2d at 188. We can find no evidentiary basis to support the jury’s award in this case. Mr. Perez-Gervert’s treating physician — who presented the only testimony regarding the future medical expenses Mr. Perez-Gervert was reasonably certain to incur — detailed $88,960 in expenses. His testimony was echoed by Mr. Perez-Gervert’s counsel in closing arguments when he asked the jury to award the amounts reflected in the doctor’s testimony. On appeal, Mr. Perez-Gervert points to additional expenses that are detailed in one of the doctor’s reports; however, even taking those expenses into account, the total still falls short of what the jury awarded.
 

 “When a jury award of damages is clearly excessive or inadequate in actions arising out of the operation of a motor vehicle, the trial court shall, upon proper motion, order a remittitur or addi-
 
 *289
 
 tur of the jury’s award.”
 
 Truelove,
 
 954 So.2d at 1287.
 
 See
 
 § 768.043(1), Fla. Stat. (2005). “A court cannot allow a jury to award a greater amount of damages than what is reasonably supported by the evidence at trial.”
 
 McCarthy Bros. Co. v. Tilbury Constr., Inc.,
 
 849 So.2d 7, 9 (Fla. 1st DCA 2003). Because the award here was greater than what was reasonably supported by the evidence, the trial court abused its discretion when it denied the appellants’ motion for remittitur.
 

 The appellants also challenge the jury’s award for loss of future earning capacity. At the time of trial, Mr. Perez-Gervert was fifty-seven years old. He testified that he had worked as a drywall installer before being injured in the accident. He indicated that at his last job as a drywall installer, he had earned $16 per hour and that he averaged forty hours per week, although he also admitted he did not always work full time and that he did not always have work. His former employer testified that Mr. Perez-Gervert had worked for him for approximately six weeks in 2005, immediately prior to the accident. During that time, Mr. Perez-Gervert worked part time for four weeks and full time for two weeks. This was the only evidence offered to demonstrate Mr. Perez-Gervert’s earning capacity before the accident.
 

 As for after the accident, Mr. Perez-Gervert testified that he could no longer hang drywall and that he had tried working as a drywall finisher, but he found that work too painful. His treating physician testified that Mr. Perez-Gervert probably could no longer hang drywall; however, he did not testify that Mr. Perez-Gervert was completely disabled from employment. The appellants moved for a directed verdict on the issue of future lost earning capacity, however, the trial court denied the motion. The jury awarded Mr. Perez-Gervert $580,000 for future lost earning capacity. Post trial, the appellants again challenged the propriety of any award for future lost earning capacity or, alternatively, sought remittitur, but the trial court denied their motion.
 

 “The purpose of a jury’s award of damages for loss of any future earning capacity is to compensate a plaintiff for loss of capacity to earn income as opposed to actual loss of future earnings.”
 
 W.R. Grace & Co.-Conn. v. Pyke,
 
 661 So.2d 1301, 1302 (Fla. 3d DCA 1995). “A plaintiff must demonstrate not only reasonable certainty of injury, but must present evidence which will allow a jury to reasonably calculate lost earning capacity.”
 
 Id.
 
 Although Mr. Perez-Gervert presented evidence of his past wages as a drywall installer and testified that he could no longer do that work, he did not present any evidence of his postaccident earning capacity or evidence that he was completely disabled from further employment. In fact, in his argument to the jury, Mr. Perez-Gervert’s counsel suggested that Mr. Perez-Gervert would retire at age sixty-five or seventy and that he could probably earn at least minimum wage, although he left the jury to speculate as to what that might be. Thus, while it would not have been unreasonable for the jury to find that Mr. Perez-Gervert had sustained some loss of earning capacity, no evidence was presented from which the jury could have calculated the amount of that loss with reasonable certainty. Therefore, the trial court should have granted the appellants’ motion for a directed verdict on future lost earning capacity.
 
 See, e.g., Benjamin v. Diel,
 
 831 So.2d 1227 (Fla. 4th DCA 2002).
 

 Accordingly, we reverse the portion of the final judgment representing the award for future loss of earning capacity. We also reverse the portion of the final judgment awarding future medical expenses
 
 *290
 
 and remand for the trial court to enter an order of remittitur or alternatively an order granting a new trial on the issue of damages for future medical expenses. In all other respects, we affirm the final judgment.
 

 Reversed and remanded with directions.
 

 CASANUEVA, C.J., and KHOUZAM, J., Concur.