KELLY, Judge.
A jury awarded damages to Appellee Pollie DeGrandchamp for injuries she suffered when her car was struck from behind by another car. Appellant, GEICO Indemnity Company, which provided uninsured/underinsured motorists’ coverage to DeGrandchamp, raises three issues in this appeal from the judgment entered against it and in favor of DeGrandchamp; however, we find merit only in GEICO’s argument that the trial court abused its discretion when it denied its motion for remittitur or a new trial.
After the jury returned a verdict awarding DeGrandchamp $1,250,000 in future medical expenses, reduced to a present value of $250,000, GEICO filed a motion for remittitur challenging the jury’s award, which the trial court denied. In this appeal, GEICO contends the trial court should have granted the motion because DeGrandchamp did not establish these damages with reasonable certainty, and that even if she had, the amount awarded was not supported by the evidence. We review a trial court’s ruling on a motion for remittitur under an abuse of discretion standard. Truelove v. Blount, 954 So.2d 1284, 1287 (Fla. 2d DCA 2007).
Where a plaintiff seeks damages for future medical expenses, only medical expenses that are reasonably certain to be incurred in the future are recoverable. Loftin v. Wilson, 67 So.2d 185, 188 (Fla.1953); Truelove, 954 So.2d at 1287. There must also be an evidentiary basis upon which the jury can, with reasonable certainty, determine the amount of those expenses. Loftin, 67 So.2d at 188. While DeGrandechamp established that she was reasonably certain to incur at least some medical expenses in the future, we can find no evidentiary basis to support the amount of the jury’s award in this case.
Two physicians offered testimony regarding DeGrandchamp’s future medical care. Dr. Foley, an interventional radiologist, testified that it was reasonably certain that in the future DeGrandchamp would continue to experience problems with her neck. When asked about future treatment, however, he testified generally that “for a patient like this, if they continued to have symptoms ... I would probably consider doing a nerve root block.” He then went on to testify that typically such a patient initially gets two rounds consisting of six shots and “hopefully” after that they are satisfied with the level of pain relief but that “some patients come back every year for one or two more injections, or every other year.” When asked to specifically describe what he expected would be DeGrandchamp’s future course of treatment “within a reasonable degree of medical probability” Dr. Foley did not testify that she required any treatment but instead reiterated his testimony that patients who have had the same type of surgery can continue to experience neck problems. This testimony does not establish that DeGrandchamp is “reasonably certain” to incur expenses for this treat *687 ment in the future. See Truelove, 954 So.2d at 1287; see also Fasani v. Kowalski, 43 So.3d 805, 812 (Fla. 3d DCA 2010) (“It is a plaintiffs burden to establish that future medical expenses will more probably than not be incurred.”).
The second physician who testified regarding future medical treatment, Dr. Col-bassani, said that it was reasonably certain that DeGrandchamp will need some treatment for her neck the rest of her life including physical therapy, “probably” injections, and “possibly” surgery. He indicated that there was a “good chance” De-Grandchamp would need surgery in the future at a cost of $50,000 to $60,000. He was unable to testify regarding the cost of anything other than the surgery. While this testimony establishes that DeGrand-champ is reasonably certain to need some treatment in the future, it does not establish with reasonable certainty the amount of medical expense she is likely to incur. While Dr. Colbassani did estimate the cost of surgery, his testimony established only the possibility that DeGrandchamp will need the surgery. See Truelove, 954 So.2d at 1287; see also Fasani, 43 So.3d at 812.
DeGrandchamp’s closing argument to the jury highlights the speculative nature of the evidence and consequently, the jury’s award:
So it’s [her neck] going to continue to cause more problems of degeneration above and below. She’s going to need physical therapy. She’s going to likely need injections again. Surgery is possible. That is why we talked about life expectancy, mortality.... Forty-six years that she still has to live with this in her neck continuing to cause problems now in the areas above and below. The amount I would suggest for future medical expenses — this gives you, this $80,000 figure, $90,000 figure, the total that’s happened in the last two and a half years, just over three years.... What’s the next 46? I suggest you can use that as something to guide you.
This argument is the only explanation for the jury’s award of $1,250,000.
“When a jury award of damages is clearly excessive or inadequate in actions arising out of the operation of motor vehicles, the trial court shall, upon proper motion, order a remittitur or additur of the jury’s award.” Truelove, 954 So.2d at 1287. See § 768.043(1), Fla. Stat. (2006). Because the award here was greater than what was reasonably supported by the evidence, the trial court should have granted GEICO’s motion for remittitur. Given the absence of evidence, highlighted by De-Grandchamp’s closing argument, it appears that the “trier of fact ... arrived at the amount of damages by speculation or conjecture.” § 768.043(2)(c). Additionally, the amount awarded does not “bear [ ] a reasonable relation to the amount of damages proved and the injury suffered.” § 768.043(2)(d). Finally, the amount awarded is not “supported by the evidence and is [not] such that it could be adduced in a logical manner by reasonable persons.” § 768.043(2)(e). Accordingly, we reverse the final judgment and remand for the trial court to enter an order of remitti-tur or alternatively an order granting a new trial on the issue of damages for future medical expenses.
Reversed and remanded.
WALLACE and CRENSHAW, JJ., Concur.