PER CURIAM.
The plaintiff sued Festival Fun Parks, LLC, d/b/a Boomers!, in a negligence action after the plaintiff was shot by a third party while leaving the defendant’s amusement park. The jury returned a verdict in favor of the plaintiff, and final judgment was entered per the verdict. We partially reverse the judgment as it relates to the award of future medical expenses, but we affirm as to the other issues on appeal.
Appellate courts review a trial court’s decision to deny a motion for a new trial on damages or remittitur for an abuse of discretion. R.J. Reynolds Tobacco Co. v. Townsend, 90 So.3d 307, 310 (Fla. 1st DCA 2012) (citing Engle v. Liggett Grp., Inc., 945 So.2d 1246, 1263 (Fla.2006)). “A court cannot allow a jury to award a great *686 er amount of damages than what is reasonably supported by the evidence at trial.” Truelove v. Blount, 954 So.2d 1284, 1287 (Fla. 2d DCA 2007) (quoting McCarthy Bros. Co. v. Tilbury Constr., Inc., 849 So.2d 7, 9 (Fla. 1st DCA 2003)).
Section 768.043(2), Florida Statutes (2011), requires a trial court to consider the following when determining whether an award of damages is clearly excessive or inadequate:
(a) Whether the amount awarded is indicative of prejudice, passion, or corruption on the part of the trier of fact.
(b) Whether it clearly appears that the trier of fact ignored the evidence in reaching the verdict or misconceived the merits of the case relating to the amounts of damages recoverable.
(c) Whether the trier of fact took improper elements of damages into account or arrived at the amount of damages by speculation or conjecture.
(d) Whether the amount awarded bears a reasonable relation to the amount of damages proved and the injury suffered.
(e) Whether the amount awarded is supported by the evidence and is such that it could be adduced in a logical manner by reasonable persons.
§ 768.043(2), Fla. Stat. (2011).
During jury deliberations in this case, the jurors requested to review the present and future value tables for medical expenses of the plaintiff. The future medical expenses table was prepared by an economist, who based his calculations on the continuation of care report prepared by the plaintiffs future care expert. The expert’s continuation of care report indicated that the plaintiff would need a “dorsal column stimulator” every five years for the rest of his life, totaling ten procedures. Using this information, the economist prepared a “Summary of the Present Value Analysis of the Cost of Dorsal Column Stimulator for [the plaintiff].” The economist calculated the cost of ten separate dorsal column stimulators over the course of the plaintiffs life, which the continuation of care report indicated would be necessary, and concluded that the plaintiff would likely spend a present value of $497,681.00 on dorsal column stimulators.
At trial, however, the plaintiffs expert testified that the plaintiff would probably need only two dorsal column stimulators over the course of his life, not ten. The economist’s summary of the total cost of dorsal column stimulators, which calculated ten separate payments over the plaintiffs lifetime, therefore did not accurately reflect the evidence presented at trial.
During deliberations, the jury requested to see the economist’s summary. Counsel for both parties recognized the discrepancy between the evidence presented at trial and the data used by the economist to calculate future medical expenses relating to the dorsal column stimulators. Before allowing the economist’s summary to be taken back to the jury room, the attorneys for both sides attempted to correct the summary so that it accurately reflected the evidence presented at trial. The problem, however, was that the lawyers — who, by all indications within the record on appeal, are not economists or mathematicians themselves — inaccurately adjusted the chart as it pertained to the dorsal column stimulators.[1] Although their collective in *687 tention to alter the summary was a seemingly innocent attempt to comport the summary to the evidence actually introduced at trial, the math was simply incorrect. This concern was noted by defense counsel’s objection that he did not believe the adjustments to the summary were correct.
The jury returned a verdict for the full amount of damages listed in the economist’s summary. It is apparent that the jury relied extensively, if not exclusively, on the figures within the economist’s summary when calculating future medical expenses. It also appears that the jury intended to award the plaintiff the entire amount contained in the summary; however, this calculation did not accurately reflect the evidence presented at trial regarding the cost of the dorsal column stimulators.
It appears from the record that the jury-ignored the evidence presented at trial when reaching its verdict and instead relied on inaccurate modifications to the economist’s summary of the evidence as it related to these dorsal column stimulators. These hastily-made modifications, although an earnest effort to comport the summary to the evidence actually presented at trial, were nevertheless not supported by the evidence. Therefore, the trial court abused its discretion by denying the defendant’s motion for remittitur. See § 768.043(2), Fla. Stat. (2011) (stating that, when deciding whether a verdict is excessive, the trial court shall consider “[wjhether it clearly appears that the trier of fact ignored the evidence in reaching the verdict ... [or][w]hether the amount awarded bears a reasonable relation to the amount of damages proved [or][w]hether the amount awarded is supported by the evidence”); Truelove, 954 So.2d at 1287 (“A court cannot allow a jury to award a greater amount of damages than what is reasonably supported by the evidence at trial.”) (quoting McCarthy Bros. Co., 849 So.2d at 9).
Because a correct calculation of the evidence presented at trial can be garnered from the record on appeal, we remand this case with instructions to reduce the award of damages for future medical expenses by $212,834.00.[2] This results in a total award of $1,048,996.00 for future medical expenses. In lieu of an entirely new trial on damages, this remedy achieves both accuracy in the amount of-future medical expenses proved by the evidence, as well as an effectuation of the jury’s intent to award the plaintiff the full amount of future medical expenses contained within the economist’s summary.
With regard to the other issues on appeal, we note that trial and appellate courts cannot find a lack of duty if a foreseeable zone of risk more likely than not was created by the defendant. See McCain v. Fla. Power Corp., 593 So.2d 500, 503-04 (Fla.1992) (“[T]he question of *688 foreseeability as it relates to proximate causation generally must be left to the fact-finder to resolve.”). We further note that a “trial court has broad discretion in ruling on motions for new trial and mistrial, and its denial of such motions is reviewed under an abuse of discretion standard.” Saunders v. Dickens, 103 So.3d 871, 877 (Fla. 4th DCA 2012) (quoting Philippon v. Shreffler, 33 So.3d 704, 709 (Fla. 4th DCA 2010), abrogated on other grounds by Allstate Ins. Co. v. Marotta, 125 So.3d 956, 2013 WL 2420451 (Fla. 4th DCA June 5, 2013)). With these principles in mind, we affirm the judgment with respect to the remaining issues on appeal.
Based on the foregoing, we partially reverse the judgment as it relates to the calculation of future medical expenses. On remand, and consistent with this opinion, the trial court shall reduce the award of future medical expenses by the amount of $212,834. We otherwise affirm the judgment with respect to the other issues on appeal.

Affirmed in part, reversed in part, and remanded with instructions.

GROSS, MAY and FORST, JJ„ concur.

. We note appellee counsel’s concession, both at oral argument and in its "Notice of Correction as to Misrepresentations during Oral Argument,” that the evidence at trial showed the present value of these stimulators was less than the amount stated in the attorney-modified summary of future medical expenses. Although we have taken note of the concession in appellee’s "Notice,” we have not otherwise relied upon this document in reaching our *687 decision with respect to the other issues on appeal or any other aspect of the damages award.

. The economist’s summary of future medical expenses were inaccurately modified to reflect a total present value of $331,787.00 for two dorsal column stimulators. The plaintiff's expert’s testimony was that the plaintiff would need two dorsal column stimulators, every eight to ten years, after turning fifty years old. Using the "Summary of the Present Value Analysis of the Cost of Dorsal Column Stimulator for [the plaintiff],” this court is able to calculate the correct present value of these two dorsal column stimulators to be $118,953.00. The difference, therefore, between the incorrect present value — which went to the jury — and the correct present value is $212,834.00. This amount should be deducted from the total award for future medical expenses in order to accurately reflect the evidence presented at trial.