**GENERAL EMPLOYEES INSURANCE COMPANY a/k/a GEICO, Appellant,**

v.

**Lauri ISAACS, Appellee.**

**No. 4D15–2263**

District Court of Appeal of Florida, Fourth District.

[December 7, 2016]

Sharon C. Degnan of Kubicki Draper, Orlando, for appellant.

Kenneth D. Cooper, Fort Lauderdale, for appellee.

Klingensmith, J.

Lauri Isaacs suffered injuries due to a car accident. She filed suit against GEICO, her uninsured motorist carrier, seeking compensation for past and future medical expenses as well as pain and suffering. At trial, Isaacs was awarded a total of $750,000 for medical expenses and pain and suffering. After a reduction of $60,000 in collateral source setoffs, judgment was entered for $690,000. This amount included an award for future medical expenses of $360,000. GEICO moved post-trial for remittitur and for a new trial, arguing the jury's award for future medical expenses was excessive and belied by the manifest weight of the evidence. Based on our review of the record, the motion for remittitur as to the award for future medical expenses should have been granted.

■■■■ "The standard of review for an order denying a motion for new trial or denying a remittitur is abuse of discretion." *Whitney v. Milien*, 125 So.3d 817, 819 (Fla. 4th DCA 2013). While most personal injury verdicts involve an element of speculation subject to jury discretion, a court may review their discretion and reduce the award if "shown to be clearly arbitrary." *Arnold v. Sec. Nat'l Ins. Co.*, 174 So.3d 1082, 1084 (Fla. 4th DCA 2015) (quoting *Sproule v. Nelson*, 81 So.2d 478, 481 (Fla. 1955)). In that regard, "[a] court cannot allow a jury to award a greater amount of damages than what is reasonably supported by the evidence at trial."

*Festival Fun Parks, LLC v. Bellamy*, 123 So.3d 684, 685–86 (Fla. 4th DCA 2013) (quoting *Truelove v. Blount*, 954 So.2d 1284, 1287 (Fla. 2d DCA 2007)).

■■■■ "[O]nly medical expenses that are reasonably certain to be incurred in the future are recoverable." *Vazquez v. Martinez*, 175 So.3d 372, 374 (Fla. 5th DCA 2015); *accord GEICO Indem. Co. v. DeGrandchamp*, 102 So.3d 685, 686 (Fla. 2d DCA 2012). Further, "[t]here must also be an evidentiary basis upon which the jury can, with reasonable certainty, determine the amount of those expenses." *Vazquez*, 175 So.3d at 374; *see also GEICO*, 102 So.3d at 686 (holding that "[w]hile DeGrandechamp [sic] established that she was reasonably certain to incur at least some medical expenses in the future, we can find no evidentiary basis to support the amount of the jury's award in this case"). Testimony or evidence that certain treatments *might possibly* be obtained in the future cannot merit an award of future medical expenses. *Vazquez*, 175 So.3d at 374 (citing *Fasani v. Kowalski*, 43 So.3d 805, 812 (Fla. 3d DCA 2010); *Truelove*, 954 So.2d at 1288).

■■■■ At trial, one of Isaacs' treating physicians opined that she would incur up to $2,000 in future medical expenses per year, and also recommended that she undergo shoulder surgery that he estimated would cost $40,000–$50,000. This was the only competent, substantial evidence presented on which the award for future medical expenses could be based. However, as to his opinion regarding the future annual medical expenses, no testimony about life expectancy was presented to the jury.

Due to the lack of evidence relating to Isaacs' life expectancy, in addition to the fact that the amount awarded for future medical expenses far exceeded what the evidence supported, we remand this case

to the trial court for a new trial solely on the issue of Isaacs' life expectancy relating to the $2,000 per year for future medical expenses. We therefore affirm only the portions of the final award for future medical expenses covering $50,000 for the appellee's future shoulder surgery, and her projected annual expenses of $2,000 (with the ultimate total of those annual expenses subject to the trial court's life-expectancy findings on remand). We affirm all other amounts of the final award, and on all other issues raised on appeal.

*Affirmed in part, Reversed in part and Remanded with instructions.*

Taylor and Forst, JJ., concur.