IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

PENNY HITCHCOCK,

      Appellant,

v.                                                      Case No.  5D16-533

PATRICIA MAHAFFEY,

      Appellee.

_____/

Opinion filed February 2, 2018

Appeal from the Circuit Court
for Orange County,
John E. Jordan, Judge.

Michael C. Clarke and Betsy E. Gallagher,
of Kubicki Draper, P.A., Tampa, for
Appellant.

Nicholas A. Shannin, B.C.S., Shannin Law
Firm, P.A., Orlando, and Margaret E.
Kozan, of Margaret E. Kozan, P.A., Winter
Park, for Appellee.


PER CURIAM.

      Penny Hitchcock appeals the final judgment entered in favor of Patricia Mahaffey

following a jury verdict.  Mahaffey was seriously injured when she was struck by a motor

vehicle that was being negligently operated by Hitchcock.  The jury awarded Mahaffey

significant sums of money for certain intangible damages and for "medical expenses,

household goods or services, or other economic losses,"[1] both in the past and in the future. We affirm, without further discussion, on all but one of the several issues that Hitchcock raised. We do, however, agree with Hitchcock that the trial court erred in denying her motion for a new trial or remittitur regarding the award of $250,000 for future economic damages and reverse on this issue.

"Florida law restricts recovery of future medical expenses to those expenses 'reasonably certain' to be incurred." *Auto Club Ins. Co. of Fla. v. Babin*, 204 So. 3d 561, 563 (Fla. 5th DCA 2016) (quoting *Volusia Cty. v. Joynt*, 179 So. 3d 448, 452 (Fla. 5th DCA 2015)). As plaintiff, Mahaffey had the burden at trial "to establish, through competent, substantial evidence, that [her] future medical expenses will more probably than not be incurred." *Id.* (quoting *Joynt*, 179 So. 3d at 452). Here, other than the sum of $5365 for future surgery, which Hitchcock does not contest, the award for the balance of the future economic damages is based on Mahaffey's testimony as to the amount that she has paid for her past medical expenses and for past household goods and services subsequent to the motor vehicle accident. However, "the amount of past medical expenses incurred does not—at least by itself—provide a reasonable basis for a jury to compute future medical expenses." *Id.* (quoting *Joynt*, 179 So. 3d at 452).

Accordingly, based upon the lack of competent substantial evidence, we reverse the jury award and that part of the final judgment for damages for the future loss of "medical expenses, household goods or services or other economic losses." We remand for the trial court to either enter a remittitur under section 768.043, Florida Statutes (2013),

---

[1] The parties agreed to use this specific language to describe this element of damages on the verdict form.

2

in the amount of $5365 or, if the parties cannot agree to the remittitur, to grant a new trial solely on the issue of the loss of these future economic damages. *See Truelove v. Blount*, 954 So. 2d 1284, 1289 (Fla. 2d DCA 2007). As to all other matters, we affirm.

AFFIRMED in part; REVERSED in part; and REMANDED.

SAWAYA, ORFINGER and LAMBERT, JJ., concur.